PATTI S. HAEN, APPELLEE, V.
R. RICHARD HAEN, APPELLANT.

314 N.W.2d 276

Filed January 8, 1982. No. 81-620.

Jefferson G. Broady for appellant.

Hoch & Steinheider for appellee.

Submitted without oral argument. KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

PER CURIAM.

A decree of divorce between the parties to this suit was entered on the 31st of December 1980. On May 4, 1981, after the term of court had expired, appellant filed a motion to set aside the decree, alleging that the judgment was irregularly obtained by reason of the fact "[t]hat the petitioner was not a resident of the State of Nebraska for one (1) year next to the filing of this petition the 9th day of June, 1980; rather abandoned her residence in Nebraska on the 16th day of January, 1980

and did not return to the State of Nebraska until the 12th day of May, 1980."

In her petition the appellee alleged that she was a resident of the State of Nebraska and that the court had jurisdiction of the parties. The appellant, contrary to the position addressed to the court in his motion, alleged in his answer: "Admits that petitioner has been a resident of Nebraska for more than one year and that petitioner's present address is Auburn Trailer Court, Lot 10, Auburn, Nebraska." In his cross-petition appellant alleged "[t]hat he resides at Auburn, Nemaha County, Nebraska, and he has been a resident of the State of Nebraska for more than one year."

The residence of the parties was not an issue before the trial court. On the presentation of the motion to the trial judge, the trial court found that the judgment was not irregularly obtained but, rather, the motion raised issues of fraud in the obtaining of the judgment by the appellant and appellee, either severally or jointly. The trial judge also noted that Neb. Rev. Stat. § 25-2002 (Reissue 1979) provides in part: "The proceedings to vacate or modify the judgment or order on the grounds mentioned in section 25-2001, subdivisions (4), . . . shall be by petition verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. . . ." The trial judge, in finding fraud, held that the court was without jurisdiction to entertain the motion to set aside the decree since a separate petition had not been filed. We affirm.

There is only one issue in this case and that is whether or not a judgment in a divorce case, in which the parties do not contest the fact of residency, is obtained irregularly when the fact of residency for the statutory period necessary to obtain a decree of divorce is alleged to be otherwise than that maintained by the parties in their pleadings. Black's Law Dictionary 744 (5th ed. 1979) defines irregular judgment as one rendered contrary to the course of law and practice of the court. *Estate of*

*McKenna v. McCormick,* 60 Neb. 595, 83 N.W. 844 (1900); *Petersen v. Dethlefs,* 139 Neb. 572, 298 N.W. 155 (1941); *Paine v. United States Nat. Bank of Omaha,* 199 Neb. 248, 257 N.W.2d 826 (1977). Further, in defining irregularity, Black states at 744: "The doing or not doing that, in the conduct of a suit at law, which, conformably *with the practice of the court, ought or ought not to be done. . . .*" (Emphasis supplied.) The term is not synonymous with illegality. There are no allegations that the procedure followed by the District Court was not in conformity with the laws of this state or with the practices of the court. Indeed, the contrary appears. We hold that there was no irregularity in the obtaining of the judgment. The trial court was correct in denying the motion since the appellant was without power on motion to set aside the decree.

AFFIRMED.