Barbara BELL *v.* David BELL

85-299                                    705 S.W.2d 891

Supreme Court of Arkansas
Opinion delivered March 31, 1986

*Witt Law Firm, P.C.*, by: *Ernie Witt*, for appellant.

*Hixson, Cleveland & Rush*, by: *David L. Rush*, for appellee.

DAVID NEWBERN, Justice. The appellee sought enforcement of visitation rights pursuant to a divorce decree issued by a court in the State of Washington and registered in Arkansas. The appellant responded by seeking modification of the visitation provisions. The chancellor held he lacked jurisdiction to modify the Washington decree because of the Uniform Child Custody Jurisdiction Act, Ark. Stat. Ann. §§ 34-2701 through 34-2725 (Supp. 1985), and he, therefore, did not rule on the merits of the appellee's modification petition. We reverse because we conclude the chancellor does have jurisdiction to modify the decree. The chancellor did not cite any particular section of the Act as precluding him from taking jurisdiction. Our review of each section of the Act discloses none which would bar him from doing so.

Section 34-2714(a) governs modification of custody decrees rendered by courts of other states. It provides:

> If a court of another state has made a custody decree, a court of this State shall not modify that decree unless: (1) it appears to the court of this State that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this Act [§§ 34-2701—34-2725] or has declined to assume jurisdiction to modify the decree and (2) the court of this State has jurisdiction.

Whether the Washington court continues to have jurisdiction must be determined by reference to § 34-2703, and we find no provision there which would confer jurisdiction on the Washington court to entertain the appellee's request for modification. Instead, the record before us shows the two children in question

have resided in Arkansas with the appellee far longer than the six months mentioned in § 34-2703(a)(1), and thus Arkansas has, according to the Act, become their home state.

Nor is there evidence of any pending custody litigation in Washington or any state other than Arkansas. Thus § 34-2706(a) would not preclude the modification sought here. *See Davis* v. *Davis*, 285 Ark. 403, 687 S.W.2d 843 (1985).

■ Although we must reverse the chancellor's determination that he lacked jurisdiction to modify the decree, we express no opinion on the merits of the appellant's request for modification. No hearing was held on that issue, and thus we cannot engage in a de novo review with respect to the merits. Instead, we remand the case for a hearing on the question whether conditions have changed so as to warrant modification of the decree since the parties, by consent decree, registered the Washington court's decree with the chancery court. *Rains* v. *Alston*, 265 Ark. 108, 576 S.W.2d 505 (1979).

Reversed and remanded.

PURTLE, J., not participating.