ANTOLIN BLANCO, APPELLEE, V. LISA ANN TONNIGES, NOW KNOWN AS LISA ANN BIRT, APPELLANT, AND BRIANNA MARIE TONNIGES, APPELLEE.

511 N.W.2d 555

Filed February 1, 1994.   No. A-93-534.

David W. Rowe, of Kinsey Ridenour Becker & Kistler, for appellant.

Kent L. Frobish, of McHenry & Flowers, for appellee Blanco.

James H. Truell, guardian ad litem.

CONNOLLY, HANNON, and WRIGHT, Judges.

CONNOLLY, Judge.

Lisa Ann Tonniges appeals from the judgment in a child custody modification proceeding initiated by the appellee Antolin Blanco. In district court in Nebraska, Blanco sought to register a California judgment of paternity and to modify his visitation rights under the California judgment. The California judgment was registered, and the court determined that it had jurisdiction to modify the California judgment. Finding that a material change in circumstances had occurred since the entry of the California judgment, the court modified the California judgment as it related to Blanco's visitation rights. The registration of the California judgment in Nebraska is not at

issue. Tonniges appeals the modification order of the district court in Nebraska. We vacate the district court's modification order and dismiss the appeal because the district court did not have jurisdiction of the case, since the California court continued to have jurisdiction and since the record does not reflect that the California court relinquished jurisdiction.

## I. FACTS

### 1. PETITION TO REGISTER AND MODIFY FOREIGN JUDGMENT

On December 12, 1991, Blanco, a resident of Riverside County, California, commenced this action by filing a petition for registration of foreign judgment and application for modification of decree. Pursuant to Neb. Rev. Stat. § 25-1587 et seq. (Reissue 1989), Blanco sought to register the second amended judgment of paternity entered by the Superior Court of Riverside County. Blanco's Nebraska petition also sought to modify the judgment as it related to visitation.

On the same day the petition to register the foreign judgment was filed with the clerk of the district court, the clerk sent a letter to the Superior Court of Riverside County notifying the California court that a petition for registration of foreign judgment had been filed with the district court for York County. The clerk's letter did not mention that Blanco was seeking a modification of the child custody decree relating to visitation rights.

There were no further communications between the York County District Court and the California court until March 23, 1993, when a copy of the district court's order of modification apparently was mailed to the California court. The record does not reflect any correspondence from the California court to the Nebraska court.

Tonniges asserts that on January 13, 1992, the district court held a hearing on Blanco's motion for temporary visitation, which had been filed concurrently with the petition to register the foreign judgment. The record does not contain an order registering the foreign judgment, nor is there any order in the record granting temporary visitation. However, we determine from the record as a whole that the court ordered the registration of the California judgment and granted temporary

visitation rights to Blanco.

In her responsive pleading, Tonniges admitted most of the factual averments in Blanco's petition, but denied that she had refused Blanco visitation, and she requested that overnight visitation be denied. Tonniges requested that if overnight visitation was granted, the visitation take place only in the presence of a licensed registered nurse as set forth in the California judgment. Finally, Tonniges requested that the York County District Court register the California judgment. Tonniges did not assert in any pleading that the court lacked jurisdiction pursuant to the Nebraska Child Custody Jurisdiction Act (NCCJA), Neb. Rev. Stat. § 43-1201 et seq. (Reissue 1988).

## 2. TRIAL

At trial, Blanco testified that Tonniges and the child were living in California at the time Blanco filed his petition seeking to establish paternity. By the time the California court entered its initial judgment on the petition in December 1989, Tonniges and the child had moved from California to Nebraska. Tonniges and the child had been living in Nebraska for approximately 2 years when Blanco filed his petition for registration of foreign judgment and application for modification of the California decree.

Blanco testified that he was asking the district court to modify the California judgment regarding visitation because the judgment did not provide adequate visitation for him. Furthermore, Blanco alleged that Tonniges had obstructed his visitation rights in the past.

In its revised order of modification, the district court found, inter alia, that Tonniges had willfully and intentionally (1) removed the child from the State of California without the consent of the Superior Court of Riverside County or the consent of Blanco and (2) prevented Blanco from exercising his visitation rights during trips to Nebraska. The court also found that there had been a material change in the parties' circumstances warranting a modification of visitation rights. Accordingly, Blanco was awarded more liberal visitation rights than he had been granted in the California judgment.

## II. ASSIGNMENTS OF ERROR

We dispose of this appeal on jurisdictional grounds and do not reach Tonniges' assignments of error.

## III. STANDARD OF REVIEW

A jurisdictional issue which does not involve a factual dispute is an issue determinable as a matter of law and therefore requires an appellate court to reach a conclusion independent from the trial court's conclusion. *Williams v. Gould, Inc.*, 232 Neb. 862, 443 N.W.2d 577 (1989).

## IV. ANALYSIS

■ Tonniges argues on appeal that the district court lacked subject matter jurisdiction under the NCCJA because the California court never relinquished its original and continuing jurisdiction of the subject matter at issue. However, the parties proceeded as if the Nebraska court had jurisdiction of proceedings initiated in Nebraska. Tonniges did not raise the issue of jurisdiction in the trial court. Nonetheless, where lack of subject matter jurisdiction in the original tribunal is apparent on the face of the record, yet the parties fail to raise that issue, it is the duty of the reviewing court to raise and determine the issue of jurisdiction sua sponte. *In re Interest of D.M.B.*, 240 Neb. 349, 481 N.W.2d 905 (1992).

We find no ruling directly on point in Nebraska on the issue of whether parties can waive the jurisdictional guidelines of the NCCJA, Nebraska's version of the Uniform Child Custody Jurisdiction Act (UCCJA), and litigate a custody matter in a jurisdiction other than the one in which a prior custody determination was made. Courts in other jurisdictions are divided on this issue. Those that refuse to recognize a waiver hold that subject matter jurisdiction is conferred by the UCCJA as adopted by various states, and parties are not free to waive a defect in subject matter jurisdiction. See, *In re Marriage of Mosier*, 251 Kan. 490, 836 P.2d 1158 (1992); *Crump v. Crump*, 821 P.2d 1172 (Utah App. 1991), *cert. granted* 843 P.2d 516 (Utah 1992). Under this view, exclusive jurisdiction remains in the original court of judgment until that court affirmatively relinquishes jurisdiction. Courts that recognize a waiver in such cases hold that subject matter jurisdiction is conferred by the

statutes of the states in which petitions are filed. See *Williams v. Williams*, 555 N.E.2d 142 (Ind. 1990). Under this view, the UCCJA does not confer jurisdiction, it merely restricts the existing, concurrent subject matter jurisdiction that already is conferred upon a court pursuant to state statutes.

California has adopted the UCCJA, and that state's supreme court has adopted the exclusive jurisdiction approach to the question of whether a foreign court can exercise jurisdiction to modify a custody decree. In *Kumar v. Superior Court of Santa Clara Cty.*, 32 Cal. 3d 689, 652 P.2d 1003, 186 Cal. Rptr. 772 (1982), a custodial parent living in California filed suit in California to modify a decree that had been entered in New York, where the other parent still lived. The California Supreme Court held that "in accord with the letter of [the UCCJA], *all* petitions for modification must be addressed to the state which rendered the original decree if that state had and retains jurisdiction under the standards of the [UCCJA]." *Kumar*, 32 Cal. 3d at 698, 652 P.2d at 1009, 186 Cal. Rptr. at 778. The California suit was dismissed because the New York court had not relinquished its exclusive jurisdiction.

Section 43-1214(1) states that

[i]f a court of another state has made a custody decree, a court of this state shall not modify that decree unless (a) it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with [the NCCJA] or has declined to assume jurisdiction to modify the decree and (b) the court of this state has jurisdiction.

As Tonniges acknowledges, the district court was competent to hear child custody cases under §§ 43-1203(1) and 43-1202(5), and under *Mace v. Mace*, 215 Neb. 640, 341 N.W.2d 307 (1983), because the child had been living in Nebraska for approximately 2 years before modification proceedings were initiated in Nebraska. Nonetheless,

" ' "[e]xclusive continuing jurisdiction is not affected by the child's residence in another state for six months or more. Although the new state becomes the child's home state, significant connection jurisdiction continues in the

state of the prior decree where the court record and other evidence exists and where one parent or another contestant continues to reside. . . ." ' "
*In re Interest of L. W.*, 241 Neb. 84, 100, 486 N.W.2d 486, 498 (1992) (quoting *Range v. Range*, 232 Neb. 410, 440 N.W.2d 691 (1989)). Thus, in the instant case, even though the child had been living in Nebraska for approximately 2 years before modification proceedings were initiated in Nebraska, the district court could exercise jurisdiction to modify the custody decree at issue only if the California court did not have jurisdiction or declined to assume jurisdiction.

A California court retains jurisdiction to modify a child custody decree if the requisite conditions are satisfied under Cal. Fam. Code § 3403 (West 1994), which is substantially in accordance with § 43-1203 of the NCCJA. Upon review of the record, we find that the California court retained modification jurisdiction in this case.

This court has stated that when a parent unilaterally removes a child from the state of a court that has rendered a decree concerning custody of the child, the continuing jurisdiction of the prior court is exclusive, and other states do not have jurisdiction to modify the custody decree. *In re Interest of J.L.H., J.L.H., and R.H.*, 2 Neb. App. 40, 507 N.W.2d 641 (1993). For the reasons discussed above, we hold that parties to an action for modification of a child custody decree are not free to waive a defect in subject matter jurisdiction because the NCCJA confers exclusive modification jurisdiction upon the original court of judgment unless that court affirmatively relinquishes jurisdiction. The record indicates that the California court had jurisdiction of this case, and there is nothing in the record to suggest that the California court had relinquished its continuing, exclusive jurisdiction of the case. Therefore, the district court in Nebraska did not have jurisdiction to modify the custody decree at issue. Accordingly, we vacate the district court's order of modification, and we dismiss the appeal.

VACATED AND DISMISSED.