**Kelly J. PETTY, Appellant,**

v.

**Julia A. PETTY, now Forrester, Appellee.**

**No. 82801.**

Court of Appeals of Oklahoma,
Division No. 1.

Jan. 24, 1995.

Randall Elliott, Pryor, for appellant.

K. Ellis Ritchie, Pryor, for appellee.

## MEMORANDUM OPINION

CARL B. JONES, Judge:

In this post-divorce action, the trial court below entered an order modifying an earlier order from an Arkansas court by restricting the visitation permitted to Appellant under the earlier order. On appeal, Appellant contends the Oklahoma court did not have jurisdiction in this case; that the evidence was insufficient to support the order of the trial court; and, that attorney's fees and costs were improperly awarded to Appellee.

The parties were divorced in Arkansas in 1990. Custody of their two minor children (now ages 12 and 10) was awarded to Appellee/Mother. Appellant/Father was granted visitation rights for every third weekend, every other major holiday, for one week during the Christmas holidays, every other spring break, and for four weeks during the summer. Following the divorce, Appellee and the children moved to Oklahoma. Appellant has continued to live in Arkansas, in the county where the divorce was granted.

In July, 1993, Appellee filed a motion to modify the Arkansas decree seeking to restrict Appellant's visitation rights. She alleged the children had been subjected to physical and mental abuse by Appellant while they were with him in Arkansas during periods of visitation. This motion was filed in Mayes County, Oklahoma, the domicile of Appellee and the children. Jurisdiction of the Oklahoma court was sought under the provisions of the Uniform Child Custody Jurisdiction Act, 43 O.S.1991 § 501 *et seq.* Ultimately, after an evidentiary hearing, the trial judge held that it had jurisdiction; found that physical and emotional abuse had occurred during the summer of 1993 on at least three occasions and declared that Appellant should not have "unlimited care and contact with the children at the present time." The trial court restricted Appellant's visitation in several ways. Most significant, visitation was restricted to every third Saturday, and then only at the home and in the presence of the children's paternal grandmother. Appellant was further ordered to attend and successfully complete a parenting class, obtain an alcohol dependency assessment, to not consume alcohol in the presence of the children, and to refrain from any corporal punishment of the children. A review hearing was additionally set for May, 1994.

Appellant's jurisdictional argument is that the Arkansas court never lost jurisdiction and a foreign court in Oklahoma could not properly assume jurisdiction. Both Arkansas and Oklahoma have enacted the Uniform Child Custody Jurisdiction Act.[1] Under the Act, if the Arkansas court still has jurisdiction, then a foreign court may not

---

1. See Ark.Stat.Ann. §§ 9–13–201–9–13–227 and 43 O.S.1991 §§ 501–527.

exercise jurisdiction to modify the decree unless the Arkansas court declines to assume jurisdiction for purposes of modification. 43 O.S.1991 § 516(A)(1). Then, assuming the Arkansas court either no longer has jurisdiction or declines to assume jurisdiction, under § 516(A)(2) Oklahoma may exercise jurisdiction if it meets the jurisdictional prerequisites set forth in 43 O.S.1991 § 505(A).

Here, the mother and two children had moved to Oklahoma after the divorce. They have now resided in Oklahoma for several years. The father, however, still resides in Arkansas. Similar facts were considered in *G.S. v. Ewing*, 786 P.2d 65 (Okla.1990), in determining whether Oklahoma, as the decree entering state, could retain jurisdiction to modify custody where only the father continued to reside in Oklahoma. There it was held that under 10 O.S.1981 § 1616 (now renumbered as 43 O.S. § 516), the decree rendering state retains continuing jurisdiction to modify custody if one parent resides in Oklahoma and significant parental contact is maintained. 786 P.2d at 68–70.

■ Arkansas, however, has interpreted the Uniform Child Custody Jurisdiction Act differently. As our Supreme Court noted in *G.S. v. Ewing*, Arkansas does not recognize the continuing jurisdiction of the decree entering state, *Bell v. Bell*, 288 Ark. 468, 705 SW.2d 891 (1986), and thus, under its own law, Arkansas does not presently have jurisdiction to hear this proceeding. 786 P.2d at 70 n. 19. The issue thus becomes merely whether Oklahoma meets one of the jurisdictional prerequisites under § 505 of the Act. One of these jurisdictional prerequisites is that Oklahoma is the home state of the children when the preceding is commenced. That was, in fact, the case here which allowed the Oklahoma court to properly exercise jurisdiction. 43 O.S. § 505(A)(1). As with child support and custody orders, visitation orders will not be disturbed absent a showing of abuse of discretion or that the decision is against the clear weight of the evidence. *See, e.g., Gamble v. Gamble*, 477 P.2d 383 (Okla.1970). From our review of the record we cannot say this decision was against the clear weight of the evidence.

■ Appellant also contends that Oklahoma courts were further prevented from exercising jurisdiction by the Parental Kidnapping Prevention Act, 28 U.S.C.A. § 1738A. That Act, however, does not apply to preclude the Oklahoma court's involvement because Arkansas no longer has jurisdiction and Oklahoma now has jurisdiction. 28 U.S.C.A. § 1738A(f).

■ The second error alleged by Appellant was that the evidence was insufficient to justify the modification order. We disagree. There was evidence of physical abuse by Appellant, of excessive alcohol consumption by Appellant in the presence of the children and of his drinking while driving with the children in the car. There was also evidence that the children had been adversely affected emotionally. Although this evidence was not undisputed, we cannot say the modification order was against the clear weight of the evidence so as to constitute an abuse of the trial court's discretion.

The final error briefed by Appellant is that the award of attorney fees and costs to Appellee was improper because the trial court lacked jurisdiction over the case. However, because we hold the trial court had jurisdiction, it was within its authority under 43 O.S.1991 § 110 to award attorney fees and costs.

No reversible error has been identified and the order of the trial court must therefore

AFFIRMED.

HANSEN, P.J., and JOPLIN, J., concur.