**Donna Michelle MANLEY, Appellee,**

v.

**Steven Lee HOAG, Appellant.**

**No. 85027.**

Court of Appeals of Oklahoma, Division No. 1.

April 19, 1996.

Micheal Salem, Norman, for Appellant.

Paul W. Austin, Ruth Furman Castillo, Norman, for Appellee.

## MEMORANDUM OPINION

CARL B. JONES, Presiding Judge:

Appellee former wife moved to modify a divorce decree rendered in Missouri by which her marriage to Appellant former husband had been dissolved. Appellee alleged that during court-ordered visitation, Appellant had physically and sexually abused the couple's minor daughter. Appellee's motion sought to terminate Appellant's visitation rights. Appellant filed a combined motion to dismiss and motion to transfer, asserting lack of jurisdiction in Oklahoma and seeking transfer of the modification proceedings to the Missouri court which rendered the divorce decree. The trial court denied both motions. The court subsequently declined to terminate Appellant's visitation, but imposed additional conditions upon him.

 The sole ground of error perfected by Appellant concerns the denial of his motion to dismiss/motion to transfer.[1] Appellant readily admits that he does not take issue with the trial court's disposition of the motion to modify but merely wishes to preserve his jurisdictional objection to proceedings in Oklahoma. His motion below asserted, *inter*

---

1. In his petition in error, Appellant alleged that the trial court erred by denying his combined motion to dismiss/motion to transfer, but tried to reserve "the right to present additional questions of error as may be demonstrated by the record after examination." We reject Appellant's attempt to "reserve" grounds for appeal other than what he specifically stated in his petition in error. The rules governing appellate procedure in civil cases require an appellant to specifically state the grounds for appeal in the petition in error. Rule 1.16(D), Rules of Appellate Procedure, 12 O.S.1991, Ch. 15, App. 2. Appellant has not filed an amended petition in error, by which method an appellant may raise new grounds for appeal which were not included in the original petition in error. *Id.,* Rule 1.17(a). We therefore consider only the specific allegation of error stated in the petition in error.

*alia,* that the trial court lacked jurisdiction to modify the Missouri decree under Oklahoma's Uniform Child Custody Jurisdiction Act [the Act], 43 O.S.1991 §§ 501–27. Appellee responded with a recitation of facts supporting the trial court's exercise of jurisdiction in Oklahoma under § 505[2] of the Act.

In *Petty v. Petty,* 890 P.2d 1364 (Okla.App. 1995), this Court recently observed that the statutory scheme of the Act contemplates an initial inquiry whether the decretal state continues to possess jurisdiction over the subject matter of modification proceedings commenced in Oklahoma. Section 516(A) of the Act precludes modification of a custody decree rendered in another state unless certain preconditions are met: (1) It must appear to the trial court here that (a) the court which rendered the decree does not now have jurisdiction[3] or (b) that court has declined to assume jurisdiction to modify the decree, *and* (2) the trial court here has jurisdiction. *See Petty,* 890 P.2d at 1365–66.[4]

■ The Missouri divorce decree includes a provision for Appellee to have exclusive custody of the minor child subject to reasonable visitation by Appellant.[5] Missouri is among the vast majority of states which recognize the decretal court's continuing jurisdiction in such matters. *See G.S. v. Ewing,* 786 P.2d 65, 70 n. 19 (Okla.1990), citing *In re*

---

**2.** Section 505 provides:

"A. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

1. This state:
a. is the home state of the child at the time of commencement of the proceeding, or
b. had been the child's home state within six (6) months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
2. It is in the best interest of the child that a court of this state assume jurisdiction because:
a. the child and his parents, or the child and at least one contestant, have a significant connection with this state, and
b. there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships; or
3. The child is physically present in this state and:
a. the child has been abandoned, or
b. it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or
4.
a. It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs 1, 2 or 3 of this subsection, or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and
b. it is in the best interest of the child that this court assume jurisdiction.
B. Except under paragraphs 3 and 4 of subsection A of this section, physical presence in this state of the child, or of the child and one of the contestants, is not alone suffi-

cient to confer jurisdiction on a court of this state to make a child custody determination.
C. Physical evidence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.
D. The controlling criterion for awarding custody by a court of this state shall always be what is in the best interest of the child, other statutory provisions merely being factors which may be considered."

**3.** Lack of jurisdiction of the decree-rendering court is measured by standards "substantially in accordance with" the Act's jurisdictional prerequisites in § 505.

**4.** *Accord, In re Marriage of Ratshin,* 144 Cal. App.3d 974, 192 Cal.Rptr. 891, 894 (1983); *Clark v. Kendrick,* 670 P.2d 32, 34 (Colo.Ct.App.1993); *Wheeler v. Wheeler,* 383 So.2d 655, 657 (Fla.Ct. App.1980), result approved, *Mondy v. Mondy,* 428 So.2d 235, 238 (Fla.1983); *Mulle v. Yount,* 204 Ga.App. 876, 420 S.E.2d 776, 777 (1992), cert. denied; *State ex rel. Marcrum v. Marion County Superior Court,* 273 Ind. 222, 403 N.E.2d 806, 811 (1980); *In re Marriage of Ross,* 471 N.W.2d 889, 891–92 (Iowa App.1991); *Application of Pierce,* 184 Mont. 82, 601 P.2d 1179, 1183–84 (1979); *Blanco v. Tonniges,* 2 Neb.App. 520, 511 N.W.2d 555, 558 (1994); *State ex rel. Dept. of Human Services v. Avinger,* 104 N.M. 255, 720 P.2d 290, 293–94 (1986); *Quenzer v. Quenzer,* 653 P.2d 295, 303–04 (Wyo.1982).

**5.** The decree specifically states in relevant part:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that as in the best interests of the minor child, the Respondent [Appellee] shall have the exclusive care, custody and control of the minor child born of said marriage, to-wit: Tiffany Lee Hoag, born September 19, 1990, without any interference on the part of the Petitioner [Appellant], except the Petitioner shall have the right of reasonable visitation . . ." [Rec. 43.]

*Marriage of Phillips,* 723 S.W.2d 579, 582 (Mo.Ct.App.1987). In this respect, the present case is distinguishable from *Petty,* because Arkansas is one of three states in the minority identified in *Ewing* which do not recognize the trial court's continuing jurisdiction. *Ewing,* 786 P.2d at 70 n. 19.

 Before ruling on Appellant's motion to dismiss/motion to transfer, the trial court conducted a short telephone conference with the Missouri judge who entered the divorce decree, leading to the following recitals in the minute order denying the motion:

> "Telephone conference held with Judge Williams of Missouri. Communications show Judge Williams has no independent recollection of the parties' case that was before her and upon her review of the court file finds no allegation of physical abuse was litigated nor guardian ad litem appointed for child when such allegations are made as required by Missouri law...."

[Rec. 117.] These recitals were memorialized somewhat differently in the trial court's order:

> "1. Judge Williams has no independent recollection of the proceedings of this action
>
> . . . . .
>
> "2. Judge Williams retrieved the Court file in the case and reviewed its contents. Based upon the status of the Court file, it appears that *the issue of child custody* and allegations of physical abuse was [*sic*] not litigated in Missouri. * * * "

[Rec. 127, emphasis added.] Clearly, the trial court's statement that the issue of custody was not litigated in Missouri is belied by the terms of the Missouri decree noted above [*supra,* note 5 and related text]. Determination of custody in the decree created the basis for continuing jurisdiction over that subject matter in Missouri.

The dispositive question on this appeal therefore appears to be whether the Missouri court declined to exercise its jurisdiction. Appellee contends it did. We disagree. Declining jurisdiction within the meaning of § 516 of the Act, if it means anything, must require more than a failure of memory on the part of the judge who ordered the parties divorced; and, it must be a broader concept than the absence of litigation on the specific issue raised by a motion to modify filed in another state. There must be some more affirmative act by the decretal court, which, ideally, ought to explicitly acknowledge its continuing jurisdiction of the original custody proceedings and its decision to decline to exercise jurisdiction.

Appellant's argument that the trial court erred by exercising its jurisdiction in this case is well taken. The trial court's modification order must therefore be reversed.

REVERSED.

GARRETT and JOPLIN, JJ., concur.