Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/09/2021 08:07 AM CST

Asia R. Mann, now known as Asia R.
Harrison, appellee, v. Brian L.
Mann, appellant.

___ N.W.2d ___

Filed March 2, 2021.    No. A-19-1194.

1.  **Child Custody: Jurisdiction: Appeal and Error.** The question whether jurisdiction should be exercised under the Uniform Child Custody Jurisdiction and Enforcement Act is entrusted to the discretion of the trial court and is reviewed by an appellate court de novo on the record for abuse of discretion.

2.  \_\_\_\_: \_\_\_\_: \_\_\_\_. In considering whether jurisdiction exists under the Uniform Child Custody Jurisdiction and Enforcement Act, a jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires an appellate court to reach a conclusion independent from the trial court.

3.  **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.

4.  **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction of an appeal, there must be a final order or final judgment entered by the court from which the appeal is taken.

5.  **Final Orders: Appeal and Error.** Among the three types of final orders which may be reviewed on appeal is an order that affects a substantial right made during a special proceeding.

6.  \_\_\_\_: \_\_\_\_. An order affects a substantial right when the right would be significantly undermined or irrevocably lost by postponing appellate review.

7.  **Child Custody: Final Orders: Appeal and Error.** Child custody determinations are special proceedings for purposes of determining whether an order is a final, appealable order.

8. **Child Custody: Jurisdiction.** Jurisdiction over a child custody proceeding is governed exclusively by the Uniform Child Custody Jurisdiction and Enforcement Act.

9. **Child Custody: Jurisdiction: States.** Jurisdiction over custody matters having interstate dimension must be determined independently by application of the Uniform Child Custody Jurisdiction and Enforcement Act.

10. **Courts: Jurisdiction.** Jurisdictional priority is neither a matter of subject matter jurisdiction nor personal jurisdiction. The subsequent court does not lack judicial power over the general class or category to which the proceedings belong and the general subject involved in the action before the court.

11. **Child Custody.** An action concerning custody of the child is not terminated, resolved, or disposed of until the age of majority.

12. ____. An application to modify a custody determination is not an independent proceeding, but is simply a proceeding supplementary or auxiliary to the original action in which certain matters were subject to modification.

13. **Judgments: Equity: Time.** A litigant seeking vacation or modification of a judgment after term may take one of two routes. The litigant may proceed either under Neb. Rev. Stat. § 25-2001 (Reissue 2016) or under the district court's independent equity jurisdiction.

14. **Motions to Vacate: Proof: Appeal and Error.** An appellate court will reverse a decision on a motion to vacate or modify a judgment only if the litigant shows that the district court abused its discretion.

15. **Judgments: Words and Phrases.** The operative definition of "irregularity" limits the term to the doing or not doing that, in the conduct of a suit at law, which, conformably with the practice of the court, ought or ought not to be done.

16. ____: ____. A judgment marred by irregularity is one rendered contrary to the course of law and practice of the court.

Appeal from the District Court for Douglas County: J Russell Derr, Judge. Affirmed.

Aaron F. Smeall and Jacob A. Acers, of Smith, Slusky, Pohren & Rogers, L.L.P., for appellant.

Kathryn D. Putnam, of Astley Putnam, P.C., L.L.O., for appellee.

Moore, Bishop, and Welch, Judges.

Welch, Judge.

## INTRODUCTION

Brian L. Mann appeals the order of the Douglas County District Court granting the request of Asia R. Mann, now known as Asia R. Harrison, for partial summary judgment which vacated a portion of the parties' 2018 dissolution decree granting Brian "in loco parentis" status over Asia's biological child Maleah D. On appeal, Brian's sole assignment of error is the court erred in determining that it did not have subject matter jurisdiction over Maleah due to the court's erroneous interpretation of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). For the reasons set forth herein, we affirm.

## STATEMENT OF FACTS

In 2009, Asia engaged in a relationship with Patrick D. that resulted in the out-of-wedlock birth of Maleah. When Asia and Patrick's relationship ended, the Superior Court of California, County of Ventura, entered an order in August 2010 that awarded Asia sole legal and physical custody over Maleah and granted Patrick reasonable rights of visitation.

In March 2011, Asia married Brian, and the parties had two other children. In February 2016, Asia filed a complaint for dissolution of marriage in Nebraska in the Douglas County District Court. However, over 2 years later in March 2018, which was prior to the district court's resolution of the parties' dissolution action, Patrick filed a complaint in the Douglas County District Court, which complaint sought to register the California judgment. The district court registered the California judgment in Nebraska in April 2018.

Although the California judgment which set forth Patrick's reasonable rights of visitation with Maleah had been registered in Nebraska in April 2018, a few months later, in July, the district court resolved Asia and Brian's dissolution action by entering a stipulated decree, which stated that Brian had acted in loco parentis to Maleah, granted Brian and Asia joint physical custody of Maleah, and granted Asia sole legal

custody over Maleah with the exception that Asia could not change Maleah's school district without Brian's consent or the district court's approval. The stipulated decree also awarded Brian and Asia joint legal and physical custody of their two other children and outlined alternating parenting time between Brian and Asia for all three children.

In July 2019, Brian filed a complaint to modify, and in August, Asia filed an answer and counterclaim which alleged Maleah was not a child of Brian and Asia's marriage and requested modification of custody transferring sole legal and physical custody of the children to Asia. In September, Asia filed a motion for partial summary judgment, and later that same month, Brian filed a competing motion for partial summary judgment, both of which related to that portion of the parties' stipulated dissolution decree governing the custody of Maleah.

A hearing on the competing motions for partial summary judgment was held in October 2019. During that hearing, the district court took judicial notice of the entire case file and received exhibits 1 through 5, which exhibits included the California judgment, the certified application to register the foreign judgment, the Nebraska order confirming the registration of the foreign judgment, Asia's affidavit supporting her motion for summary judgment, and Patrick's affidavit supporting Asia's motion for summary judgment. No argument was presented to the district court on the matter.

In November 2019, the district court entered an order granting Asia's motion for partial summary judgment and vacating its previous orders regarding Maleah, finding it did not have subject matter jurisdiction to make a custody determination governing Maleah. In its order, the district court relied on *Blanco v. Tonniges*, 2 Neb. App. 520, 511 N.W.2d 555 (1994), for the proposition that "'when a parent unilaterally removes a child from the state of a court that has rendered a decree concerning custody of the child, the continuing jurisdiction of the prior court is exclusive, and other states do not have

jurisdiction to modify the custody decree.'" (Emphasis omitted.) The district court articulated that the California court made the initial custody determination concerning Maleah, and had not relinquished its continuing exclusive jurisdiction, and that a significant connection to California remained because Patrick continued to reside there. The district court also noted that the parties could not waive a defect in subject matter jurisdiction, especially when Patrick was not a party to the present case. Additionally, the district court found that granting Brian in loco parentis status had a significant effect on Patrick's rights.

Finally, the district court determined that it did not have jurisdiction to modify the California judgment or to make an initial custody determination regarding Maleah, and it sustained Asia's motion for partial summary judgment and vacated that part of the dissolution decree which had granted Brian in loco parentis rights over Maleah. In December 2019, the district court clarified its order by denying Brian's motion for partial summary judgment and voiding everything pertaining to the custody and parenting time of Maleah in its earlier dissolution decree due to the district court's lack of subject matter jurisdiction. Brian has timely appealed to this court.

## ASSIGNMENT OF ERROR

Brian's sole assignment of error is the court erred in determining that it did not have subject matter jurisdiction over Maleah due to the court's erroneous interpretation of the UCCJEA.

## STANDARD OF REVIEW

[1,2] The question whether jurisdiction should be exercised under the UCCJEA is entrusted to the discretion of the trial court and is reviewed by an appellate court de novo on the record for abuse of discretion. *In re Guardianship of S.T.*, 300 Neb. 72, 912 N.W.2d 262 (2018). In considering whether jurisdiction exists under the UCCJEA, a jurisdictional question that does not involve a factual dispute is determined

by an appellate court as a matter of law, which requires an appellate court to reach a conclusion independent from the trial court. *In re Guardianship of S.T., supra*.

## ANALYSIS

### Jurisdiction

[3] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Chief Indus. v. Great Northern Ins. Co.*, 259 Neb. 771, 612 N.W.2d 225 (2000).

This claim involves a request by Brian to modify a dissolution decree entered by the district court in July 2018. Although the request to modify involves many issues that have not been resolved, Brian appeals from a partial summary judgment order which voided all portions of the court's July 2018 decree involving the custody of Maleah on the basis that the court lacked subject matter jurisdiction to make custodial decisions due to jurisdictional power retained by a California court. Asia argues that because the partial summary judgment order does not constitute a final, appealable order, this court lacks jurisdiction to hear this appeal.

[4-6] The question of whether an order which does not finally resolve all issues may constitute a final order was recently addressed by the Nebraska Supreme Court in *Simms v. Friel*, 302 Neb. 1, 921 N.W.2d 369 (2019). In *Simms v. Friel*, the Supreme Court held:

> For an appellate court to acquire jurisdiction of an appeal, there must be a final order or final judgment entered by the court from which the appeal is taken. *Jennifer T. v. Lindsay P.*, 298 Neb. 800, 906 N.W.2d 49 (2018). Because the temporary order did not dismiss the action or make a final determination on the merits, it was not a final judgment. See *id.* The jurisdictional question before us is thus whether we are presented with a final order.
>
> Relevant here, among the three types of final orders which may be reviewed on appeal is an order that

affects a substantial right made during a special proceeding. See Neb. Rev. Stat. § 25-1902 (Reissue 2016). A "substantial right" is an essential legal right, not a mere technical right. See *Steven S. v. Mary S.*, 277 Neb. 124, 760 N.W.2d 28 (2009). A substantial right is affected if the order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to an appellant prior to the order from which an appeal is taken. *Id.* It is not enough that the right itself be substantial; the effect of the order on that right must also be substantial. See *Cano v. Walker*, 297 Neb. 580, 901 N.W.2d 251 (2017). Whether the effect of an order is substantial depends on whether it affects with finality the rights of the parties in the subject matter. *Id.* Most fundamentally, an order affects a substantial right when the right would be significantly undermined or irrevocably lost by postponing appellate review. *Tilson v. Tilson*, 299 Neb. 64, 907 N.W.2d 31 (2018).

Where visitation, custody, and the parent-child relationship are involved, we have previously looked to juvenile cases for guidance to determine whether the grant or denial of visitation and custody affects a substantial right. See *Steven S. v. Mary S., supra*. In doing so, we have said that "'"[t]he question . . . whether a substantial right of a parent has been affected by an order in juvenile court litigation is dependent upon both the object of the order and the length of time over which the parent's relationship with the juvenile may reasonably be expected to be disturbed."'" *Id.* at 130, 760 N.W.2d at 33-34.

302 Neb. at 4-5, 921 N.W.2d at 373.

Here, the district court's voiding of a prior custody determination involving Maleah fits the definition of a substantial right. The court's ruling, which previously bestowed certain custodial rights to Brian under the doctrine of in loco parentis was permanently voided due to the district court's determination that it lacked subject matter jurisdiction to enter the

prior order. Unlike a temporary order in a juvenile proceeding, the district court's November 2019 order permanently diminished Brian's right to custody under the prior order, which right would be significantly undermined by postponing appellate review. We hold that the court's partial summary judgment order affects a substantial right of Brian.

[7] Asia does not contest that the matter does not affect a substantial right. Instead, she argues that a summary judgment is not a special proceeding and that therefore, the court's order does not qualify as a final order. But Asia misconstrues the meaning of a special proceeding. The request for a partial summary judgment is a procedural device available under the rules of civil procedure. The modification action itself is the proceeding. And the Nebraska Supreme Court has already held that child custody determinations are special proceedings for purposes of determining whether an order is a final, appealable order. See *Steven S. v. Mary S.*, 277 Neb. 124, 760 N.W.2d 28 (2009).

Because we find that the district court's November 2019 partial summary judgment order, as clarified in its December order, affects a substantial right in a special proceeding, we find that this is a final, appealable order which conferred jurisdiction on this court to review the legal issues presented for review in that order.

VOID ORDER

Brian's sole assignment of error is that the district court erred in finding it could vacate its prior custodial order governing Maleah, which order was entered in the July 2018 dissolution decree, because the court erroneously determined that it did not have subject matter jurisdiction to enter the order.

Brian's argument is based upon the treatment of subject matter jurisdiction among courts having concurrent interstate jurisdiction as provided in the UCCJEA. He argues that although a California court originally obtained jurisdiction governing the custody determination of Maleah, that jurisdiction did not deprive the Nebraska court of subject matter

jurisdiction to enter its July 2018 order. Accordingly, Brian argues that because the district court had subject matter jurisdiction to enter the July 2018 dissolution decree, that decree was not void and the court erred in attempting to vacate portions of the July 2018 dissolution decree in the subsequent modification action filed in July 2019.

[8,9] Before we address Brian's specific jurisdictional argument here, we first provide some background that is relevant to this determination.

Jurisdiction over a child custody proceeding is governed exclusively by the UCCJEA. Jurisdiction over custody matters having interstate dimension must be determined independently by application of the UCCJEA.

The UCCJEA was enacted to serve the following purposes: (1) to avoid interstate jurisdictional competition and conflict in child custody matters, (2) to promote cooperation between courts of other states so that a custody determination can be rendered in a state best suited to decide the case in the interest of the child, (3) to discourage the use of the interstate system for continuing custody controversies, (4) to deter child abductions, (5) to avoid relitigation of custody issues, and (6) to facilitate enforcement of custody orders.

*Carter v. Carter*, 276 Neb. 840, 845, 758 N.W.2d 1, 6-7 (2008).

Here, in 2010, the California court entered a custody order for Maleah, which order granted legal and physical custody to Asia with reasonable rights of visitation to Patrick, Maleah's father. Neither party to this action contests that the California court first obtained jurisdiction to make a child custody determination governing Maleah.

Neb. Rev. Stat. § 43-1239 (Reissue 2016) of the UCCJEA provides:

(a) Except as otherwise provided in section 43-1241, a court of this state which has made a child custody determination consistent with section 43-1238 or 43-1240 has exclusive, continuing jurisdiction over the determination until:

(1) a court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or

(2) a court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.

(b) A court of this state which has made a child custody determination and does not have exclusive, continuing jurisdiction under this section may modify that determination only if it has jurisdiction to make an initial determination under section 43-1238.

California has a similar statute found at Cal. Fam. Code § 3422 (Deering 2020).

Again, neither party disputes that the California court had exclusive continuing jurisdiction over this matter.

Neb. Rev. Stat. § 43-1240 (Reissue 2016) of the UCCJEA provides:

Except as otherwise provided in section 43-1241, a court of this state may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under subdivision (a)(1) or (a)(2) of section 43-1238 and:

(1) the court of the other state determines it no longer has exclusive, continuing jurisdiction under section 43-1239 or that a court of this state would be a more convenient forum under section 43-1244; or

(2) a court of this state or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state.

[10] Brian does not dispute that § 43-1240 would govern any attempt by himself or Asia to modify the California

court's decree, nor does Brian argue that the California court no longer has exclusive continuing jurisdiction as provided by statute. Brian simply argues that even though the California court had continuing exclusive jurisdiction, this did not deprive the Nebraska district court of subject matter jurisdiction. In support of that argument, Brian cites to *Susan L. v. Steven L.*, 273 Neb. 24, 729 N.W.2d 35 (2007), which establishes that states have "concurrent" jurisdiction over child custody determination under the UCCJEA, and *Charleen J. v. Blake O.*, 289 Neb. 454, 855 N.W.2d 587 (2014), which held that, when courts have concurrent jurisdiction, their authority is governed by the doctrine of jurisdictional priority. Brian then cites to the Nebraska Supreme Court's jurisdictional statement governing the doctrine of jurisdictional priority:

> Some confusion has developed from our failure to always distinguish the improper exercise of jurisdiction under judicial comity from a lack of subject matter jurisdiction. We have sometimes said, under the doctrine of jurisdictional priority, that a second court lacks "jurisdiction." We mean that a subsequent court that decides a case already pending in another court with concurrent subject matter jurisdiction errs in the *exercise* of its jurisdiction. Jurisdictional priority is neither a matter of subject matter jurisdiction nor personal jurisdiction. The subsequent court does not lack judicial *power* over the general class or category to which the proceedings belong and the general subject involved in the action before the court.

*Charleen J. v. Blake O.*, 289 Neb. at 462-63, 855 N.W.2d at 595.

Based on the doctrine of judicial priority, Brian argues that because the Nebraska district court had subject matter jurisdiction in rendering the July 2018 dissolution decree, the court simply erred in the exercise of subject matter jurisdiction over custody issues related to Maleah. Brian then argues that this made the July 2018 dissolution decree voidable, but

not void. And Brian argues that because neither party appealed from the July 2018 decree, any attempt by a party to have the order voided in the subsequent modification proceedings constitutes a collateral attack on the original decree which the law does not allow. See *Sanders v. Frakes*, 295 Neb. 374, 888 N.W.2d 514 (2016).

Assuming without deciding that the Nebraska district court had subject matter jurisdiction when it entered the July 2018 dissolution decree, it then vacated the decree during the course of the modification action filed in 2019. The Nebraska court, upon learning it should not have exercised jurisdiction on issues related to Maleah's custody due to the California court's continuing jurisdiction, most certainly had the power to vacate that portion of the decree if it was brought during the original dissolution action filed in 2018. See *Charleen J. v. Blake O., supra* (affirming district court's order vacating prior rulings due to another court's jurisdictional priority). But did the Nebraska district court retain the power to vacate its prior order through the modification action? We hold that it did.

[11,12] As the Nebraska Supreme Court held in *Charleen J. v. Blake O.*:

> In custody matters, we speak of "'continuing jurisdiction.'" In that sense, the action concerning custody of the child is not terminated, resolved, or disposed of until the age of majority. We have said that an application to modify a custody determination is not an independent proceeding, but is simply a proceeding supplementary or auxiliary to the original action in which certain matters were subject to modification.
>
> Other courts have more specifically held that a court which renders judgment for alimony, custody, or child support incident to an action for divorce or paternity retains the exclusive exercise of jurisdiction for purposes of modifying such a decree. In other words, where the first district court has issued a custody order, the issue of the child's custody remains pending in that court for

purposes of a jurisdictional priority analysis. If the parties in such circumstances wished to proceed on a motion to modify in another county, they would first request from the court that issued the original order a transfer of venue or otherwise gain the original court's assent to another court's exercise of jurisdiction.

289 Neb. at 464-65, 855 N.W.2d at 596.

Because the district court retained jurisdiction over custody matters raised and decided in the 2018 decree, the subsequent modification action cannot be described as a collateral attack. See *Sanders v. Frakes*, 295 Neb. at 379-80, 888 N.W.2d at 520 (holding "[a] collateral attack on a judgment is where the judgment is attacked in a way other than a proceeding in the original action to have it vacated, reversed, or modified, or a proceeding in equity to prevent its enforcement"). Having retained jurisdiction over the matter, the question becomes whether the district court retained the authority to vacate its prior order, albeit out of term.

Neb. Rev. Stat. § 25-2001(4) (Reissue 2016) provides that "[a] district court may vacate or modify its own judgments or orders after the term at which such judgments or orders were made . . . for mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order."

[13-16] In *Roemer v. Maly*, 248 Neb. 741, 743-45, 539 N.W.2d 40, 43-44 (1995), the Nebraska Supreme Court explained:

> A litigant seeking vacation or modification of a judgment after term may take one of two routes: The litigant may proceed either under § 25-2001 or under the district court's independent equity jurisdiction. *Welch v. Welch*, 246 Neb. 435, 519 N.W.2d 262 (1994). This court will reverse a decision on a motion to vacate or modify a judgment only if the litigant shows that the district court abused its discretion. *Jarrett v. Eichler*, 244 Neb. 310, 506 N.W.2d 682 (1993) [*disapproved on other grounds, Fidler v. Life Care Centers of America*, 301 Neb. 724, 919 N.W.2d 903 (2018)].

Under the auspice of § 25-2001(3), a district court may vacate or modify its own judgment after the term in which that judgment was rendered if the moving party can show "mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order." . . .

. . . .

Roemer next attempts to trigger § 25-2001(3) by asserting that an irregularity occurred in obtaining the judgment or order. Her argument seems to be predicated on the notion that because a notice is sent for the purpose that it be received, that purpose is frustrated—and an "irregularity" occurs—when the notice is not received and cause is not shown.

The operative definition of "irregularity" in our precedent, however, limits the term to "'[t]he doing or not doing that, in the conduct of a suit at law, which, conformably with the practice of the court, ought or ought not to be done. . . .'" (Emphasis omitted.) *Haen v. Haen*, 210 Neb. 380, 382, 314 N.W.2d 276, 277 (1982). A judgment marred by irregularity is one rendered contrary to the course of law and practice of the court. *Haen, supra.* An example of irregularity under these circumstances would be dismissal for want of prosecution entered without any opportunity to show cause, not failure of counsel to take notice of opportunity given in accordance with court rules. The record reveals no deviation by the clerk from the standard practice of the district court of sending notice to counsel of record and publishing notice in The Daily Reporter.

Here, the district court acknowledged that at the time it entered the 2018 dissolution decree, the court was unaware of the California order and that the California court retained exclusive, continuing jurisdiction over Maleah. Pursuant to § 43-1240 and California's equivalent statute, Cal. Fam. Code § 3423 (Deering 2020), "a court of this state may not modify a child custody determination made by a court of

another state" under these circumstances. Although this may not deprive the court of subject matter jurisdiction, as the Nebraska Supreme Court held in *Charleen J. v. Blake O.*, 289 Neb. 454, 463, 855 N.W.2d 587, 595 (2014), by unknowingly accepting jurisdiction under these circumstances, it "err[ed] in the *exercise* of its jurisdiction." (Emphasis in original.) Because the district court erred in the exercise of jurisdiction and was statutorily precluded from doing so, we concluded this error fits squarely within the definition in § 25-2001(4)(a) of an "irregularity in obtaining a judgment or order." Pursuant to § 25-2001(4)(a), the district court, which retained jurisdiction over the matter, was authorized to vacate that order once it was apprised of that irregularity out of term. See *Roemer v. Maly*, 248 Neb. 741, 539 N.W.2d 40 (1995) (judgment marred by irregularity is one rendered contrary to course of law and practice of court).

Because the district court retained the right to vacate its prior order and did not abuse its discretion in doing so, Brian's argument fails that the court, in vacating that portion of the 2018 dissolution decree governing the custody of Maleah, lacked the power to do so.

## CONCLUSION

In sum, we determined that the district court's November 2019 partial summary judgment order, as clarified in its December order, affected a substantial right in a special proceeding and constituted a final, appealable order which conferred jurisdiction on this court to review the legal issues presented for review. We then determined that the district court retained the right in a modification of a dissolution proceeding to vacate a prior order relating to the custody of the minor child whose custody had been the subject of a prior order by a California court, which court retained continuing exclusive jurisdiction over the minor child. Accordingly, we affirm the district court's order of partial summary judgment.

AFFIRMED.