MIRIAM (DOSENOVICH) JARRETT, APPELLEE, V. DELORES S. EICHLER AND EICHLER EQUIPMENT COMPANY, A CORPORATION, APPELLANTS.

506 N.W.2d 682

Filed October 15, 1993.   No. S-91-110.

Judgment of Court of Appeals reversed, and cause remanded with directions.

Jerry W. Katskee and David A. Castello, of Katskee & Henatsch, for appellants.

John E. Lynch for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and FAHRNBRUCH, JJ.

WHITE, J.

Delores S. Eichler and Eichler Equipment Company petitioned this court for further review of the decision of the Nebraska Court of Appeals which dismissed their appeal from the Douglas County District Court's order vacating its dismissal of appellee's case for lack of prosecution. The Court of Appeals held that the district court's order was not final and appealable and that, therefore, the Court of Appeals lacked jurisdiction to review the case. *Jarrett v. Eichler*, 2 NCA 621 (1993). We reverse the Court of Appeals' decision and remand the cause to the Court of Appeals with directions to affirm the district court's order vacating the dismissal.

On February 8, 1988, appellee, Miriam (Dosenovich) Jarrett, filed against appellants a negligence action arising from an automobile accident that occurred on February 9, 1984. On

March 7, 1989, the district court dismissed appellee's petition for lack of prosecution. By agreement of the parties, the district court vacated that dismissal on March 15 and reinstated the case for trial. The case was again dismissed for lack of prosecution on June 7 and again reinstated by agreement of the parties on June 8.

The case was dismissed for lack of prosecution for a third time on February 2, 1990. On December 3, appellee filed a motion to vacate that dismissal order, and a hearing was held on December 26. At that hearing, appellee argued that the delay in prosecuting the case was caused by appellee's pregnancy and the fact that appellee had moved to Minneapolis. According to appellee's counsel, appellee's pregnancy delayed medical examinations which were needed to complete discovery in the case. On January 22, 1991, the district court entered an order vacating the dismissal. That order is the subject of the present action.

At the onset, we are compelled to correct errors made by the Court of Appeals regarding motions for new trial. First, the filing of a motion for new trial and its subsequent overruling do not convert an otherwise unappealable order into an appealable order. Similarly, the failure to file a motion for new trial does not preclude a party from appealing a final order. Neb. Rev. Stat. § 25-1912.01 (Reissue 1989) (a motion for new trial is generally *not* a prerequisite for appellate review). Second, even though a court grants a motion for new trial, it does not necessarily follow that what has been granted is a "new trial" within the meaning of Neb. Rev. Stat. § 25-1315.03 (Cum. Supp. 1992). Section 25-1315.03 permits a party to appeal from an order granting or denying a new trial. However, unless the proceedings leading up to the motion for new trial constitute a trial, the order granting a new trial does not afford a right to appeal. *Otteman v. Interstate Fire & Cas. Co., Inc.*, 171 Neb. 148, 105 N.W.2d 583 (1960) (holding that vacating a summary judgment and granting a new trial do not fall within the meaning of "new trial" pursuant to § 25-1315.03 because the summary judgment proceeding itself is not an examination of the law and facts of the case).

The Court of Appeals held that it lacked jurisdiction to

review the merits of the appeal because the order vacating the dismissal was not a final and appealable order. We find, to the contrary, that an order vacating a dismissal made within the same term in which the dismissal was granted is a final and appealable order.

There are three types of final orders which may be reviewed on appeal. Neb. Rev. Stat. §§ 25-1902 (Reissue 1989) and 25-1911 (Cum. Supp. 1992). The three types are (1) an order which affects a substantial right and which determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after judgment is rendered. § 25-1902; *In re Interest of R. G.*, 238 Neb. 405, 470 N.W.2d 780 (1991).

Unfortunately, this court has issued opinions regarding final and appealable orders that have not specifically identified which of the three types of appealable orders the court may have been addressing. As a result, we may have contributed to the erroneous assumption that an order is not final until it resolves all of the substantive issues between the parties. See, *In re Interest of R.G., supra*; *Rehn v. Bingaman*, 157 Neb. 467, 59 N.W.2d 614 (1953) (Boslaugh, J., concurring) (discussing the misconception that finality requires that the order from which a party is appealing has determined the action).

Whether an order is final and appealable does not depend upon whether that order completely disposes of the action. For example, an order affecting a substantial right made during a special proceeding is a final and appealable order. A special proceeding which affects a substantial right is, by definition, not part of an action. Rather, a special proceeding includes " 'every special statutory remedy which is not in itself an action.' " *In re Interest of R.G.*, 238 Neb. at 413, 470 N.W.2d at 787 (quoting *Turpin v. Coates*, 12 Neb. 321, 11 N.W. 300 (1882)). Accord *Western Smelting & Refining Co. v. First Nat. Bank*, 150 Neb. 477, 35 N.W.2d 116 (1948).

In this case, the order to vacate arose within the context of a special proceeding. A "special proceeding" occurs when the law has conferred a right and has authorized an application to the court to enforce that right. *Sullivan v. Storz*, 156 Neb. 177, 55

N.W.2d 499 (1952). Further, this court has construed the phrase "special proceeding" to mean every civil statutory remedy which is not encompassed in chapter 25 of the Nebraska Revised Statutes. *In re Interest of R.G., supra.* The district court's authority to vacate its prior decisions within term does not derive from chapter 25; rather, it is an inherent authority and is derived from common law. It is a remedial proceeding that is not itself an action because it does not involve the prosecuting of alleged rights between the parties, and the proceeding does not end in final judgment.

The fact that the order arose during a special proceeding does not end our inquiry. To be final and appealable, the order must affect a substantial right. A substantial right is an essential legal right, not a mere technical right. *Rehn v. Bingaman, supra*; *Sullivan v. Storz, supra*; *Egan v. Bunner*, 155 Neb. 611, 52 N.W.2d 820 (1952). A substantial right is affected if the order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order from which he or she is appealing. *Rehn v. Bingaman, supra.*

In the instant case, the order vacating the dismissal does affect a substantial right of appellants. The order dismissing appellee's action was a final disposition of the case made in favor of appellants. The order vacating that dismissal prevents appellants from asserting a defense against appellee's negligence action. In this state, a negligence cause of action is subject to a 4-year statute of limitations. Neb. Rev. Stat. § 25-207 (Reissue 1989). Appellee's negligence action arose from an accident that occurred on February 9, 1984, and the district court dismissed the action for a lack of prosecution on February 2, 1990. After appellee's action was dismissed, appellee could not maintain a successful negligence action against appellant because appellant could have prevailed on a statute of limitations defense. The order vacating the dismissal destroyed that defense which was previously available to appellant. Thus, the order affects a substantial right. See, *Gutchewsky v. Ready Mixed Concrete Co.*, 219 Neb. 803, 366 N.W.2d 751 (1985) (reviewing an order vacating a motion to dismiss); *A. Hirsh, Inc. v. National Hair Co.*, 210 Neb. 397,

315 N.W.2d 236 (1982) (reviewing an order vacating a motion to dismiss).

The order vacating the dismissal constitutes a final and appealable order, and therefore, this court has jurisdiction to address the merits of the appeal.

The district court has the inherent authority to vacate or modify its decisions within the same term that the initial decision was rendered. If the court has entertained a motion to vacate and retains the authority to rule on such a motion within term, the court has continuing authority to enter an order vacating the prior order even though the term has subsequently expired. *Emry v. American Honda Motor Co.*, 214 Neb. 435, 334 N.W.2d 786 (1983); *A. Hirsh, Inc. v. National Hair Co.*, *supra*; *Moackler v. Finley*, 207 Neb. 353, 299 N.W.2d 166 (1980); Neb. Rev. Stat. § 24-310 (Reissue 1989). In this case, the district court had the authority to issue the vacating order even though the term had expired because the court entertained appellee's motion within the same term and retained authority to rule on that motion after the expiration of the term.

The decision to vacate an order is within the discretion of the court. The decision to vacate will be reversed if it is shown that the district court abused its discretion. *Gutchewsky v. Ready Mixed Concrete Co.*, *supra*; *A. Hirsh, Inc. v. National Hair Co.*, *supra*. A court has abused its discretion if its decision is based upon reasons that are " ' "untenable or unreasonable" ' " or if its action is " ' "clearly against justice or conscience, reason and evidence." ' " *Gutchewsky v. Ready Mixed Concrete Co.*, 219 Neb. at 805, 366 N.W.2d at 752-53 (quoting *Pettegrew v. Pettegrew*, 128 Neb. 783, 260 N.W.2d 287 (1935)).

In *Gutchewsky*, this court was provided with a bill of exceptions containing information presented to the district court before it vacated a dismissal order. That information indicated that the plaintiff was making progress in completing discovery and that if the dismissal were not vacated, the statute of limitations would bar the plaintiff from bringing another action. Consequently, the court affirmed the district court's decision to vacate the dismissal. In *A. Hirsh, Inc.*, this court was not provided with a bill of exceptions. As a result, the only

information this court could review to determine whether the district court had abused its discretion was the pleadings and docket entries. On that basis, this court held that the district court had abused its discretion because there was nothing in the record to indicate why the plaintiff's motion to vacate should have been granted.

In the instant case, we have before us the bill of exceptions, including the entire court file, which was entered into evidence during the hearing on appellee's motion to vacate. The record indicates that the delay in prosecuting the case was caused by a delay in the discovery process, which was in turn caused by appellee's pregnancy. After appellee's pregnancy, and within the same term of the court, appellee filed a motion to vacate the dismissal.

Based on the information provided to the district court, and given the circumstances surrounding the delay, this court cannot say that the district court abused its discretion in vacating the dismissal and reinstating the case for trial. Therefore, we reverse the Court of Appeals' decision and remand the cause to the Court of Appeals with directions to affirm the district court's order vacating the dismissal.

REVERSED AND REMANDED WITH DIRECTIONS.

LANPHIER, J., not participating.