STATE OF NEBRASKA, APPELLEE,
v. LAVERN E. PLYMATE, APPELLANT.
598 N.W.2d 65

Filed June 29, 1999.   No. A-97-1259.

Robert Wm. Chapin, Jr., for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

IRWIN, Chief Judge, and MUES and INBODY, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

Lavern E. Plymate appeals from an order of the district court overruling Plymate's motion captioned "Motion for New Trial." Finding no error in the court's overruling of this motion, we affirm.

## II. BACKGROUND

Plymate was initially charged and tried for first degree sexual assault and attempted first degree sexual assault. At trial, Plymate was represented by Robert Hays. A jury convicted Plymate of the charges. Hays then moved to withdraw as Plymate's attorney, and the court granted Hays' motion.

Approximately 3 months after Hays withdrew, Peter Blakeslee made his first appearance as Plymate's new attorney by filing a motion for a new trial. The court, after a hearing on the motion, overruled the motion. Plymate was eventually sentenced and filed a direct appeal. Blakeslee represented Plymate on direct appeal. On direct appeal, Plymate raised two issues: the district court's refusal to sever the two counts and denial of his challenge for cause of another prospective juror. See *State v. Plymate*, 3 NCA 515, case No. A-92-417 (not designated for permanent publication). Although Blakeslee was not Plymate's attorney for the jury selection or the trial, Plymate did not raise any issues on appeal concerning the effectiveness of his trial counsel. See *id.*

In June 1997, Plymate filed a motion for postconviction relief. Plymate was represented on this motion by a new attorney, Robert Chapin, Jr. Plymate's motion for postconviction relief was based on allegations that his trial counsel performed ineffectively, during voir dire and at trial. On September 29, the trial court denied Plymate's motion without granting an evidentiary hearing. On October 7, Plymate filed the motion captioned "Motion for New Trial," which was overruled on October 24.

On November 24, 1997, Plymate filed his notice of appeal, indicating "his intention to appeal and prosecute an appeal to the Nebraska Court of Appeals, the Order entered on or about October 24, 1997, which overruled the defendant's Motion for New Trial and sustained the dismissal of the defendant's Motion for Post Conviction Relief." This is the subject of the present appeal.

## III. ASSIGNMENTS OF ERROR

On appeal, Plymate has assigned three errors. First, Plymate asserts that the district court erred in denying him an evidentiary hearing on his motion for postconviction relief. Second, Plymate

asserts that the district court erred in not finding his trial counsel had been ineffective in failing to strike one of the jurors for cause or moving for a mistrial. Third, Plymate asserts that the district court erred in not finding his trial counsel ineffective for the reasons set forth in his motion for postconviction relief.

## IV. ANALYSIS

In the present case, we are presented with a notice of appeal that does not match the issues raised in Plymate's appellate brief. Plymate's notice of appeal purported to appeal from the court's overruling of his motion for a new trial, while his assigned errors concern strictly the issues decided by the court in overruling his motion for postconviction relief. Although his motion for a new trial was based upon allegations that the court erred in ruling on the motion for postconviction relief, the distinction between the two motions becomes crucial to our resolution of this appeal.

Generally, the filing of a motion for a new trial has the effect of tolling the running of the statutory time limits for filing an appeal from a final order of the district court. See Neb. Rev. Stat. § 25-1912 (Cum. Supp. 1998). However, such is not the case unless the proceedings leading up to the motion for a new trial constitute a trial. *Jarrett v. Eichler*, 244 Neb. 310, 506 N.W.2d 682 (1993). In the present case, because the district court denied Plymate an evidentiary hearing, there was no "trial" preceding Plymate's motion. Plymate's motion was not properly a motion for a new trial, but, rather, was more a motion to have the court exercise its inherent powers to modify a prior judgment within the same term in which the prior order was rendered.

Because there was no trial and because Plymate's motion for a new trial was not properly a motion for a new trial, it does not toll the running of the statutory time for him to file an appeal from the court's order overruling the motion for postconviction relief. In the present case, Plymate filed his notice of appeal more than 30 days after the court's ruling on his motion for postconviction relief, and his notice of appeal is, accordingly, out of time to appeal the merits of the court's ruling in that order.

We are left, then, to consider whether the court erred in denying Plymate's motion for a new trial, which is more properly

considered a motion for reconsideration. A trial court has inherent power to reverse or modify its own rulings within the same term in which the questioned ruling was made. *Jarrett v. Eichler, supra.* We review a court's ruling on such a motion for an abuse of discretion. *Id.* Upon our review in the present case, we find no abuse of discretion, and the district court's ruling is, accordingly, affirmed.

AFFIRMED.