IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

LISEC v. LISEC

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

LYNNE D. LISEC, APPELLANT,
V.
JAMES A. LISEC, APPELLEE.

Filed January 14, 2014.    No. A-12-967.

Appeal from the District Court for Lancaster County: JODI NELSON, Judge. Appeal dismissed.

Tad D. Eichman for appellant.

John W. Ballew, Jr., of Ballew, Covalt & Hazen, P.C., L.L.O., for appellee.

INBODY, Chief Judge, and PIRTLE and RIEDMANN, Judges.

PIRTLE, Judge.

## INTRODUCTION

Lynne D. Lisec appeals from an order of the district court for Lancaster County reinstating the dissolution of marriage action that it had previously dismissed based on the voluntary dismissal of her complaint. The trial court determined that James A. Lisec had pled a counterclaim that should not have been dismissed with Lynne's complaint. We conclude that the court's order reinstating the action is not a final, appealable order and that therefore, we do not have jurisdiction. Accordingly, Lynne's appeal is dismissed.

## BACKGROUND

Lynne filed a complaint for dissolution of marriage on June 6, 2011. James filed an answer on July 6, which sought dissolution of the marriage, division of the parties' assets and debts, and attorney fees and costs.

On September 10, 2012, Lynne filed a voluntary dismissal of her complaint. The trial court ordered the case dismissed on September 13. On that same day, James filed a motion to

reinstate the case or to reconsider the dismissal on the ground that his answer contained a counterclaim that could not be dismissed by Lynne.

Following a hearing on James' motion, the court found that James' answer included a counterclaim that should not have been dismissed with Lynne's complaint. The court entered an order, within the same term, reinstating the case. Specifically, it stated that its prior order of September 13, 2012, should be amended "insofar as the dismissal shall only relate to the claims brought by [Lynne]. [James'] claims for dissolution, division of marital assets and debts, attorney fees and costs remain pending."

## ASSIGNMENTS OF ERROR

Lynne assigns that the trial court erred in finding that James had filed a counterclaim and in reinstating the case as a result of that finding.

## STANDARD OF REVIEW

The decision to vacate an order during the same term is within the discretion of the court; an appellate court will only reverse such a decision if the litigant shows that the district court abused its discretion. *Johnson v. Johnson*, 282 Neb. 42, 803 N.W.2d 420 (2011). An abuse of discretion occurs when the trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Hartman v. Hartman*, 265 Neb. 515, 657 N.W.2d 646 (2003).

## ANALYSIS

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over that matter before it. *Crawford v. Crawford*, 18 Neb. App. 890, 794 N.W.2d 198 (2011). A jurisdictional issue that does not involve a factual dispute presents a question of law which requires an appellate court to reach an independent conclusion. *Molczyk v. Molczyk*, 285 Neb. 96, 825 N.W.2d 435 (2013).

For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. *Big John's Billiards v. State*, 283 Neb. 496, 811 N.W.2d 205 (2012). An order is final for purposes of appeal if it affects a substantial right and (1) determines the action and prevents a judgment, (2) is made during a special proceeding, or (3) is made on summary application in an action after judgment is rendered. Neb. Rev. Stat. § 25-1902 (Reissue 2008); *In re Estate of McKillip*, 284 Neb. 367, 820 N.W.2d 868 (2012).

The trial court order at issue is an order to reinstate a case that the court had previously dismissed. The court's order reinstating the case effectively vacated its former order dismissing the case in its entirety. See *Molczyk v. Molczyk, supra.* (A court treats a motion to reinstate a case after an order of dismissal as a motion to vacate the order.) The Nebraska Supreme Court has held that an order vacating a dismissal made within the same term in which the dismissal was granted is a final and appealable order. *Jarrett v. Eichler*, 244 Neb. 310, 506 N.W.2d 682 (1993).

The *Jarrett* case involved a negligence action arising from an automobile accident. The case was dismissed for lack of prosecution, the plaintiff filed a motion to vacate the dismissal

order, and the trial court entered an order vacating the dismissal. The defendants appealed from that order, and the court concluded that the order vacating the dismissal was a final and appealable order.

In concluding that a final and appealable order existed, the *Jarrett* court first determined that such an order arises in the context of a special proceeding. A "special proceeding" occurs when the law has conferred a right and has authorized an application to the court to enforce that right. *Jarrett v. Eichler, supra*. Further, the phrase "special proceeding" has been construed to mean every civil statutory remedy which is not encompassed in Chapter 25 of the Nebraska Revised Statutes. See *Jarrett v. Eichler, supra.*

The *Jarrett* court reasoned:

> The district court's authority to vacate its prior decisions within term does not derive from chapter 25; rather, it is an inherent authority and is derived from common law. It is a remedial proceeding that is not itself an action because it does not involve the prosecuting of alleged rights between the parties, and the proceeding does not end in final judgment.

244 Neb. at 314, 506 N.W.2d at 685.

We conclude, based on *Jarrett v. Eichler, supra*, that the order to reinstate in the present case arose during a special proceeding. However, that does not end our inquiry in regard to jurisdiction. To be final and appealable, the order must also affect a substantial right. See, § 25-1902; *In re Estate of McKillip, supra*.

A substantial right is an essential legal right, not a mere technical right; it is affected if the order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to an appellant prior to the order from which the appeal was taken. *In re Adoption of David C.*, 280 Neb. 719, 790 N.W.2d 205 (2010).

The court in *Jarrett* concluded that the order vacating the dismissal affected a substantial right of the defendants. It found that the order dismissing the plaintiff's action was a final disposition of the case made in favor of the defendants and that the order vacating that dismissal destroyed the statute of limitations defense previously available to the defendants. In other words, the order affected a substantial right because it destroyed a defense that was available to the defendants prior to the order from which the appeal was taken.

Similarly, in *Pearson v. Lincoln Telephone Co.*, 2 Neb. App. 703, 513 N.W.2d 361 (1994), this court concluded that the order of the workers' compensation review panel which vacated the trial judge's dismissal and remanded the case for trial was a final, appealable order. The court determined that the order of the review panel destroyed the dismissal that the defendant had obtained from the trial judge, which was to the defendant's advantage, and thus, the order affected a substantial right.

The present case is different from *Jarrett* and *Pearson* in that the order reinstating the case does not affect a substantial right of Lynne as the appellant. Lynne sought a voluntary dismissal of her own complaint, and the order reinstating the case does not change that. Her claims are still dismissed. As the trial court stated in its order, "the dismissal shall only relate to the claims brought by [Lynne]. [James'] claims for dissolution, division of marital assets and debts, attorney fees and costs remain pending." The court's order reinstating the case still gives

Lynne what she asked for--to have her complaint for dissolution dismissed. The reinstatement of the case in regard to James' counterclaim does not diminish a claim or defense that was previously available to Lynne. Accordingly, the order does not affect a substantial right.

As the order reinstating the case does not affect a substantial right, the order is not a final, appealable order. Without a final order, we do not have jurisdiction and the appeal must be dismissed. *Big John's Billiards v. State*, 283 Neb. 496, 811 N.W.2d 205 (2012).

## CONCLUSION

We conclude that the order of the trial court reinstating the dissolution of marriage action that it had previously dismissed is not a final, appealable order. Accordingly, we have no jurisdiction over the appeal and it is dismissed.

APPEAL DISMISSED.