Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/20/2016 09:07 AM CDT

Douglas G. Deines, appellee, v.
Essex Corporation, appellant.

___ N.W.2d ___

Filed May 20, 2016.    No. S-15-170.

1. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. That is so even where no party has raised the issue.

2. **Judgments.** A judgment is the final determination of the rights of the parties in an action.

3. **Final Orders.** An order is final for purposes of appeal if it affects a substantial right and (1) determines the action and prevents a judgment, (2) is made during a special proceeding, or (3) is made on summary application in an action after judgment is rendered.

4. **Final Orders: Motions to Dismiss: Appeal and Error.** Every order vacating an order of dismissal and reinstating a case is not a final and appealable order; rather, each order must be analyzed to see if it comports with the statutory requirements of a final order.

5. **Final Orders: Appeal and Error.** Whether an order affects a substantial right depends on whether it affects with finality the rights of the parties in the subject matter. It also depends on whether the right could otherwise effectively be vindicated. An order affects a substantial right when the right would be significantly undermined or irrevocably lost by postponing appellate review.

6. **Final Orders.** An order affects a substantial right if it affects the subject matter of the litigation, such as diminishing a claim or defense that was available to one of the parties.

7. **Final Orders: Trial.** The fact than an order may move the case forward to trial does not mean that the order affects a substantial right of the opposing party. Ordinary burdens of trial do not necessarily affect a substantial right.

Appeal from the District Court for Douglas County: LEIGH ANN RETELSDORF, Judge. Appeal dismissed.

Michaelle L. Baumert, of Kutak Rock, L.L.P., and, on brief, Henry L. Wiedrich, of Husch Blackwell, L.L.P., for appellant.

Timothy S. Dowd, of Dowd, Howard & Corrigan, L.L.C., for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, MILLER-LERMAN, CASSEL, and STACY, JJ.

STACY, J.

The plaintiff below, Douglas G. Deines, filed a civil action that was dismissed by the district court for failure to prosecute. Deines then filed a motion to vacate the dismissal and reinstate the case, which the court granted. The defendant below, Essex Corporation (Essex), has appealed, claiming the trial court erred in vacating the order of dismissal and reinstating the case. We conclude Essex has appealed from an order which is neither a judgment nor a final order, and we dismiss the appeal.

BACKGROUND

In May 2013, Deines filed a complaint seeking to recover earned commissions from his former employer under the Nebraska Wage Payment and Collection Act.[1] Essex filed an answer which, among other things, alleged Deines had been paid all commissions he was owed. After the case had been pending for approximately 15 months, the trial court issued a notice of intent to dismiss. The notice required the parties to take certain action within 30 days or the case would be dismissed for want of prosecution. No action was taken within the prescribed time. On November 13, 2014, the court entered an order dismissing the case for want of prosecution. Deines subsequently filed a motion to reinstate the case.

---

[1] Neb. Rev. Stat. § 48-1228 et seq. (Reissue 2010).

At the hearing on the motion to reinstate, the parties offered affidavits reflecting their respective version of events. It was acknowledged that the order of dismissal was entered during the 2014 court term and that the motion to reinstate (more properly characterized as a motion to vacate the order of dismissal)[2] was not filed until January 21, 2015—roughly 3 weeks after commencement of the 2015 court term. After receiving evidence and considering the arguments of counsel, the court granted the motion and reinstated the case. Essex filed this appeal.

## ASSIGNMENT OF ERROR

Essex assigns, restated, that the district court exceeded its equitable authority when it vacated the order of dismissal after the commencement of a new term.

## JURISDICTION

[1] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[3] That is so even where, as here, no party has raised the issue.[4]

Neb. Rev. Stat. § 25-1911 (Reissue 2008) gives appellate courts jurisdiction to review "[a] judgment rendered or final order made by the district court . . . for errors appearing on the record." In this appeal, whether we have jurisdiction to review the district court's order depends on whether Essex has appealed from either a judgment or a final order.

[2] The term "judgment" has a very specific statutory definition in the context of appellate jurisdiction. Under Neb. Rev.

---

[2] See *Molczyk v. Molczyk*, 285 Neb. 96, 825 N.W.2d 435 (2013) (court treats motion to reinstate case after order of dismissal as motion to vacate the order).

[3] *Williams v. Baird,* 273 Neb. 977, 735 N.W.2d 383 (2007); *Webb v. American Employers Group*, 268 Neb. 473, 684 N.W.2d 33 (2004).

[4] *Wilczewski v. Charter West Nat. Bank*, 290 Neb. 721, 861 N.W.2d 700 (2015).

Stat. § 25-1301(1) (Reissue 2008), "[a] judgment is the final determination of the rights of the parties in an action."

Here, the order vacating dismissal and reinstating the case is not a judgment. It does not address or decide the merits of the action and makes no final determination of the parties' rights. The order merely returns the case to the court's active docket for eventual resolution on the merits. Nor was the court's earlier order dismissing the case for want of prosecution a judgment under § 25-1301. The order of dismissal was without prejudice to a future action,[5] so it had no impact on the merits of the action. Although the order dismissed the action for failure to comply with the show cause order and thus effectively ended the case, it did so without finally determining the rights of the parties, and was not a judgment.

[3] We next consider whether the order vacating dismissal and reinstating the case is a final order for purposes of interlocutory appeal under Neb. Rev. Stat. § 25-1902 (Reissue 2008). An order is final for purposes of appeal under § 25-1902 if it affects a substantial right and (1) determines the action and prevents a judgment, (2) is made during a special proceeding, or (3) is made on summary application in an action after judgment is rendered.[6]

[4] In *Jarrett v. Eichler*,[7] we broadly stated that "an order vacating a dismissal made within the same term in which the dismissal was granted is a final and appealable order." Our opinion in *Jarrett*, however, concluded the order was final and appealable only after determining it (1) was made in a special proceeding and (2) affected a substantial right. We therefore do not read *Jarrett* to adopt a blanket rule that every order vacating a dismissal and reinstating a case is final and appealable. Rather, the statutory criteria of § 25-1902 must be applied to determine whether the order appealed from is final.

---

[5] See Neb. Rev. Stat. § 25-601 (Reissue 2008).

[6] § 25-1902.

[7] *Jarrett v. Eichler*, 244 Neb. 310, 313, 506 N.W.2d 682, 684 (1993).

We recognize that determining whether an order fits within any of the three categories described in § 25-1902 is often challenging for practitioners and judges.[8] However, in this appeal, it is not necessary to decide whether the order vacating dismissal and reinstating the case fits into any of the three categories, because the dispositive issue here is whether the order affects a substantial right in the action.

[5,6] Numerous factors determine whether an order affects a substantial right for purposes of interlocutory appeal. Broadly, these factors relate to the importance of the right and the importance of the effect on the right by the order at issue.[9] It is not enough that the right itself be substantial; the effect of the order on that right must also be substantial.[10] Whether the effect of an order is substantial depends on "'whether it affects with finality the rights of the parties in the subject matter.'"[11] It also depends on whether the right could otherwise effectively be vindicated.[12] An order affects a substantial right when the right would be significantly undermined or irrevocably lost by postponing appellate review.[13] Stated another way, an order affects a substantial right if it "'affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order from which he or she is appealing.'"[14]

In *Jarrett*,[15] we found the order vacating dismissal and reinstating the case affected a substantial right because it destroyed

---

[8] See, generally, John P. Lenich, *What's So Special About Special Proceedings? Making Sense of Nebraska's Final Order Statute*, 80 Neb. L. Rev. 239 (2001).

[9] See *State v. Jackson*, 291 Neb. 908, 870 N.W.2d 133 (2015).

[10] See *id.*

[11] *Id.* at 914, 870 N.W.2d at 138.

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Jarrett v. Eichler, supra* note 7.

an affirmative defense that was available to the defendants once the action was dismissed for want of prosecution after the applicable statute of limitations had run. Here, unlike *Jarrett*, there is nothing in the record to suggest the order vacating dismissal and reinstating the action affects a substantial right of Essex. To the contrary, during oral argument, counsel for Essex agreed the order here did not diminish any claim or defense that was available before the case was reinstated.

[7] The order vacating dismissal and reinstating the case merely put the parties back in the same posture as before the action was dismissed for want of prosecution—working toward eventual resolution on the merits. "The fact that an order . . . may move the case forward to trial does not mean that the order affects a substantial right of the opposing party. Ordinary burdens of trial do not necessarily affect a substantial right."[16] The order reinstating the case does not affect with finality the parties' rights in this action, and nothing in the record suggests any party's rights will be diminished, undermined, or lost by postponing appellate review.[17]

We conclude on this record that the order vacating dismissal and reinstating the action is not a final order under § 25-1902, because it does not affect a substantial right.

## CONCLUSION

The district court's order vacating the judgment of dismissal without prejudice and reinstating the action is not immediately appealable, because it is neither a final judgment under § 25-1301 nor a final order under § 25-1902. We have no jurisdiction over this interlocutory appeal.

Appeal dismissed.

---

[16] *Platte Valley Nat. Bank v. Lasen*, 273 Neb. 602, 611, 732 N.W.2d 347, 353 (2007).

[17] See *id.*