IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

GORACKE V. BNSF RAILWAY CO.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

TRAVIS P. GORACKE, APPELLEE,

V.

BNSF RAILWAY COMPANY, A DELAWARE CORPORATION, APPELLANT.

Filed February 7, 2017.    No. A-15-1023.

Appeal from the District Court for Douglas County: DUANE C. DOUGHERTY, Judge. Affirmed.

Thomas C. Sattler and Andrew D. Weeks, of Sattler & Bogen, L.L.P., for appellant.

Jayson D. Nelson, of Hunegs, LeNeave & Kvas, P.A., for appellee.

MOORE, Chief Judge, and INBODY and PIRTLE, Judges.

PIRTLE, Judge.

### INTRODUCTION

BNSF Railway Company (BNSF) appeals from an order of the district court for Douglas County which reinstated Travis P. Goracke's case against it after the case had been dismissed for lack of prosecution. Based on the reasons that follow, we affirm.

### BACKGROUND

On February 7, 2014, Goracke filed an amended complaint against BNSF under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51, *et seq*., for injuries he sustained on March 5, 2012. Goracke alleged $500 in lost wages, past and future medical expenses, future lost wages and pain and suffering. On February 24, BNSF filed an answer to the amended complaint, which included affirmative defenses.

- 1 -

On June 26, 2015, the district court administrator sent an email notice of intent to dismiss to counsel for both parties informing them that if a proposed scheduling order was not submitted within 30 days, the case would be dismissed for lack of prosecution. On July 28, the district court entered an order to dismiss the case for lack of prosecution. The district court clerk certified that a notice of dismissal was served by email upon counsel for BNSF and Goracke the same day.

On September 25, 2015, Goracke filed a motion to reinstate the case. The motion states that "[Goracke's] counsel received no emails, letters, or any other communications of any kind at any time . . . to indicate 1.) the case was subject to being dismissed; or 2.) that the case had actually been dismissed."

On October 8, the court held a hearing on Goracke's motion to reinstate. Goracke's counsel stated in open court that when he became aware that the case had been dismissed, he immediately filed a motion a reinstate. He told the court that "[Goracke's] counsel never received any intent to dismiss from the Court and thus was not aware that the case was successfully dismissed." Goracke's counsel further said that the case was still viable and that Goracke still wanted to proceed, and for those reasons good cause existed to reinstate the case. The court then asked Goracke's counsel if he was contending that he did not get a copy of the notice informing him that the case would be dismissed in 30 days, and he responded that was correct. Goracke's counsel offered no evidence at the hearing.

BNSF's counsel offered his own affidavit into evidence, which contained his statement of the progress of the case since it began. It stated that BNSF had served discovery, taken depositions, and offered to confess judgment, and that Goracke had done nothing to prosecute his case. Specifically, the affidavit stated that between January 31, 2014, when the case was first filed, and July 28, 2015, when the case was dismissed, Goracke did not serve any written discovery upon BNSF, did not supplement discovery, did not issue subpoenas to third parties, and did not take any depositions.

BNSF's counsel then argued to the court that good cause had not been shown for reinstatement based on Goracke's lack of prosecution of the case during the 18 months it was pending. He also argued that good cause did not exist based on counsel's representation that he did not receive the notice, noting the duty to make sure the court has an accurate address or contact information on file.

The court found that good cause existed and reinstated that matter. The court stated: "[Goracke's counsel], as an officer of the court, indicate[d] to the Court that he didn't receive the 30-day notice. I believe with the work that has been done in this case, it'd be very logical he would have responded to that notice if he would have gotten it. So I will find that to be good cause."

The court entered an order on October 9, 2015, reinstating the case. The order stated: "The Proposed Scheduling Order was not filed because [Goracke's] counsel did not receive notice of the Court's intent to dismiss. There have been no dismissal orders previously entered in this case. [Goracke] has prepared a Proposed Scheduling Order. . . . . Under these circumstances, the Court finds good cause to reinstate this case under the Court's Rule 4-10(C) . . . ."

## ASSIGNMENT OF ERROR

BNSF assigns that the trial court erred in reinstating Goracke's case because the undisputed evidence did not establish good cause for his failure to prosecute the case, and because the reinstatement defeated BNSF's statute of limitations defense.

## STANDARD OF REVIEW

The decision to vacate an order is within the discretion of the trial court. The decision to vacate will be reversed if it is shown that the district court abused its discretion. *Jarrett v. Eichler*, 244 Neb. 310, 506 N.W.2d 682 (1993). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Furstenfeld v. Pepin*, 23 Neb. App. 155, 869 N.W.2d 353 (2015).

## ANALYSIS

BNSF assigns that the trial court erred in reinstating Goracke's case because the undisputed evidence did not establish good cause for failing to prosecute his case and because the reinstatement defeated BNSF's statute of limitations defense.

Although the decision to vacate an order is within the discretion of the court, pursuant to Local Rule 4-10(c) of the District Court of the Fourth Judicial District, a case can only be reinstated by the district court upon the showing of good cause. The trial court found that good cause existed to reinstate based on Goracke's counsel's statement that he did not receive the 30-day notice of intent to dismiss. The court also noted in its order that there had been no dismissal orders previously entered in the case.

BNSF argues that Goracke did not show good cause to reinstate because he did not present any evidence at the hearing. The only evidence presented was by BNSF, an affidavit from its counsel, which showed BNSF's discovery efforts and Goracke's lack of effort to prosecute his case during the 18 months the case was pending. Goracke's counsel stated that he was not disputing the facts that were set forth in the affidavit. As such, BNSF contends that the undisputed evidence showed that Goracke did nothing to prosecute his case during the 18 months his case was pending and offered no evidence as to why he failed to prosecute the case.

BNSF also argues that by reinstating the case, the court defeated BNSF's statute of limitations defense. The three-year statute of limitations on Goracke's claim, pursuant to 45 U.S.C § 56, ran on March 5, 2015. When the case was dismissed on July 28, 2015, BNSF had an affirmative defense based on the statute of limitations if Goracke brought another action. By reinstating the case, it lost that defense.

BNSF cites to several cases which allegedly show that Nebraska appellate court generally defer to lower court's rulings in reinstating cases when the plaintiff has offered some evidence to explain his/her failure to prosecute his/her case. BNSF first relies on *Jarrett v. Eichler*, 244 Neb. 310, 506 N.W.2d 682 (1993). *Jarrett* was a negligence action arising out of an automobile accident. After the case was dismissed for the third time for lack of prosecution, Jarrett moved the court to vacate the dismissal and reinstate her case. At the hearing on the motion, Jarrett argued that the delay in prosecuting the case was caused by her pregnancy and her move to Minneapolis. Jarrett's

counsel stated that Jarrett's pregnancy delayed medical examinations which were needed to complete discovery. The district court vacated its prior order dismissing the case, and reinstated it, despite the fact that the third dismissal had occurred after the running of the statute of limitations and prevented Eichler from asserting a statute of limitations defense that it could have prevailed on after Jarrett's action was dismissed the third time.

The *Jarrett* court noted that it had a bill of exceptions before it, which included the entire court file, and stated that the record indicated that the delay in prosecuting the case was caused by appellee's pregnancy. Based on the information provided to the district court and the circumstances surrounding the delay, the Court concluded that it could not say that the district court abused its discretion in vacating the dismissal and reinstating the case for trial.

Although the present case, unlike *Jarrett*, does not indicate a reason for the delay in prosecuting the case, it does indicate a reason for counsel not responding to the notice of intent to dismiss. The present case also involves a first reinstatement of the case, whereas in *Jarrett* the plaintiff was seeking a reinstatement of the case for the third time.

BNSF also cites to *A. Hirsh, Inc. v. National Hair Co.*, 210 Neb. 397, 315 N.W.2d 236 (1982), where the Nebraska Supreme Court reversed the trial court's granting of the plaintiff's motion to vacate the order of dismissal. There was no bill of exceptions in the case, so the Court was limited to a consideration of whether the record supported the judgment of the trial court. The Court concluded that the record was devoid of any indication why the plaintiff's motion should have been granted. The Court concluded that on the record before it, the granting of the plaintiff's motion to vacate the order of dismissal was an abuse of discretion.

The present case differs from *A. Hirsh, Inc., supra*, in that we have a bill of exceptions to review and the record is not devoid of any indication as to why Goracke's motion should have been granted.

BNSF also relies on *Roemer v. Maly*, 248 Neb. 741, 539 N.W.2d 40 (1995) to support its argument that the trial court erred in reinstating Goracke's case. In *Roemer*, the clerk of the court mailed a show cause notice to plaintiff's counsel of record to show cause why plaintiff's case should not be dismissed for lack of prosecution. Neither plaintiff nor his counsel appeared at the show cause hearing and the court dismissed plaintiff's case. A notice of the judgment was mailed to plaintiff's counsel of record. During the next term of court, different counsel for plaintiff moved to reinstate the case and filed affidavits in support of the motion from himself, counsel of record and another attorney. All affiants insisted that they had never received either the show cause notice or the notice of judgment dismissing plaintiff's case. The trial court refused to reinstate the case.

The motion to vacate the dismissal in *Roemer v. Maly, supra*, was made after the expiration of the court term and thus fell under Neb. Rev. Stat. § 25-2001 (Reissue 1989). Because it fell under § 25-2001, the district court could only vacate the dismissal if the moving party showed "mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order." On appeal, the Supreme Court rejected plaintiff's argument that the trial court abused its discretion in not reinstating her case pursuant to § 25-2001.

The plaintiff in *Roemer* also argued that the district court should have invoked its inherent powers of equity to reinstate the case. The Supreme Court recognized that the district could have invoked its inherent powers of equity, but did not do so. It stated that no argument was presented

nor was there any reason based on the pleadings and documents on file to convince the district court that the case was doing anything more than stagnating on its docket. It noted that plaintiff failed to give notice of substituted counsel; failed to notify the court of counsel's address changes; failed to check the local legal newspaper for scheduled hearings in her case; failed to comply with an order compelling discovery; failed to inquire into the status of her case until 5 months after its dismissal; and failed to present evidence at the hearing on her motion to reinstate indicating any merit to her claim. The Court also noted that the statute of limitations in plaintiff's cause of action had run, but stated the fact of an expired statute does not in and of itself demonstrate an abuse of discretion in dismissing a case. The Court found no abuse of discretion by the trial court and affirmed the decision to dismiss and deny reinstatement.

*Roemer* can be distinguished from the present case, in that *Roemer* involved a motion to vacate a dismissal made after the expiration of the court term and thus fell under Neb. Rev. Stat. § 25-2001, whereas the present case was reinstated during the same court term. Further, the plaintiff in *Roemer* claimed that he did not receive either the show cause notice or the notice of judgment dismissing plaintiff's case, but the plaintiff failed to give notice of substituted counsel and failed to notify the court of counsel's address changes. In the present case, Goracke's counsel of record, as well as counsel's mailing address and email address has remained the same. Goracke does not contend that his counsel did not receive the notice of intent to dismiss because the court had an inaccurate address or contact information on file, and no one contends that counsel failed to update such information. The reason Goracke's counsel did not receive the notice of intent to dismiss is unknown.

None of the cases cited by BNSF are directly on point. In the present case we have a bill of exceptions before us. Although Goracke did not offer an explanation as to why he did not prosecute the case, the bill of exceptions does indicate why Goracke's counsel did not respond to the notice of the district court's intent to dismiss. Counsel stated that he did not receive the notice of intent to dismiss and that Goracke still wanted to proceed with the case. The trial court found that counsel's statement, as an officer of the court, was credible and determined that counsel's failure to receive notice of the court's intent to dismiss was good cause to reinstate. The court also noted that there had been no prior dismissal orders for failure to prosecute and that Goracke had presented a Proposed Scheduling Order. The court found that "Under these circumstances, the Court finds good cause to reinstate this case under the Court's Rule 4-10(C)." We are unable to say that that the trial court abused its discretion, or in other words, that it was untenable, unreasonable, or against the evidence for the trial court to vacate its order of dismissal when counsel did not get notice that the case was going to be dismissed.

### CONCLUSION

We conclude that the district court did not err in vacating its dismissal of Goracke's case against BNSF and reinstating that matter. Accordingly, the order of the district court is affirmed.

AFFIRMED.