747 N.W.2d 30 (2008)
16 Neb. App. 626
Marta McNAMEE, Appellant,
v.
MARRIOTT RESERVATION CENTER, Appellee.
No. A-07-994.
Court of Appeals of Nebraska.
April 1, 2008.
*31 Marta McNamee, pro se.
Jerald L. Rauterkus, of Erickson & Sederstrom, PC, Omaha, for appellee.
SIEVERS, CARLSON, and MOORE, Judges.
CARLSON, Judge.

INTRODUCTION
Marta McNamee appeals from an order of the review panel of the Nebraska Workers' Compensation Court, affirming the trial court's dismissal of McNamee's petition with prejudice. For the reasons set forth below, we affirm. Pursuant to this court's authority under Neb. Ct. R. of Prac. 11B(1) (rev.2006), this case was ordered submitted without oral argument.

BACKGROUND
In March 2006, McNamee filed a petition seeking benefits for injuries she sustained on January 2, 2003, while working for Marriott Reservation Center. Trial on McNamee's petition was held on October 12, 2006.
In an order filed December 26, 2006, the trial court dismissed McNamee's petition with prejudice, stating that it did not believe that McNamee had suffered any temporary or permanent impairment or disability that would entitle her to payment of benefits under Nebraska law. McNamee then appealed to the review panel.
In an order filed August 13, 2007, the review panel affirmed the trial court's dismissal. The review panel stated that McNamee had failed to request the preparation of the bill of exceptions in accordance with Workers' Comp. Ct. R. of Proc. 13 and 14 (2006). The review panel found that in the absence of a bill of exceptions, it was limited to reviewing the pleadings to determine whether they supported the judgment entered. The review panel stated that it had reviewed the pleadings and found them sufficient to support the judgment entered. Therefore, the review panel affirmed the judgment of the trial court dismissing McNamee's petition. McNamee appeals.

ASSIGNMENT OF ERROR
On appeal, McNamee contends that the review panel erred in affirming the trial court's order dismissing her petition with prejudice.

*32 STANDARD OF REVIEW
Pursuant to Neb.Rev.Stat. § 48-185 (Reissue 2004), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (I) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. Olivotto v. DeMarco Bros. Co., 273 Neb. 672, 732 N.W.2d 354 (2007). In determining whether to affirm, modify, reverse, or set aside a judgment of the Workers' Compensation Court review panel, a higher appellate court reviews the findings of the trial judge who conducted the original hearing. Id.

ANALYSIS
On appeal, McNamee contends that the review panel erred in affirming the trial court's order dismissing her petition with prejudice. As noted above, the review panel found that it could not review the bill of exceptions in deciding McNamee's appeal, because McNamee failed to request that the bill of exceptions be prepared. Rules 13 and 14 of the rules of procedure of the Workers' Compensation Court require that an appellant file a request for preparation of the bill of exceptions at the time of the filing of the appeal.
As a result of McNamee's failure to request the bill of exceptions, the review panel reviewed the pleadings to determine whether they supported the judgment, and because they did, the review panel affirmed the trial court's dismissal. McNamee has appealed to this court, and in her appeal, McNamee requested that the bill of exceptions be prepared. The bill of exceptions has been filed with this court. The question is whether we can review the bill of exceptions in this appeal given that the review panel did not have the bill of exceptions before it.
Our review of Nebraska law shows that this issue has not been addressed in a workers' compensation case. We have held that in an appellate review of a matter appealed from a county court to a district court, this court can consider only such evidence as was presented to the district court in its intermediate review of the county court judgment. State v. Trampe, 12 Neb.App. 139, 668 N.W.2d 281 (2003), citing State v. Cardona, 10 Neb. App. 815, 639 N.W.2d 653 (2002).
We see no reason why this rule would not apply to the workers' compensation context in which an appellant must appeal from the trial court to the review panel and then to this court or the Nebraska Supreme Court. Otherwise, an appellant who had not complied with the rules governing preparation of the bill of exceptions in front of the review panel would be allowed, in effect, to bypass the review panel and go directly to this court for a full review. We do not consider this a proper result, and for this reason, we conclude that we cannot consider the bill of exceptions in our review of McNamee's appeal.
As the review panel stated, absent a complete bill of exceptions, the only issue before the court on appeal is whether the pleadings are sufficient to support the judgment. Norwest Bank Neb. v. Bellevue Bridge Comm., 7 Neb.App. 750, 585 N.W.2d 505 (1998). Having reviewed the pleadings, we determine that they are sufficient to support the judgment, and therefore, we affirm the order of the review *33 panel affirming the trial court's dismissal of McNamee's case with prejudice.

CONCLUSION
After reviewing the record, we conclude that the review panel did not err in affirming the trial court's dismissal. Therefore, we affirm the review panel's order in its entirety.
AFFIRMED.