IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


PRAIRIE BRAND SEEDS V. RUSSELL


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


PRAIRIE BRAND SEEDS, LLC, APPELLEE,

V.

DOUGLAS RUSSELL, JR., APPELLANT.


Filed December 3, 2019.    No. A-19-272.


Appeal from the District Court for Nance County, RACHEL A. DAUGHERTY, Judge, on appeal thereto from the County Court for Nance County, STEPHEN R.W. TWISS, Judge. Judgment of District Court affirmed.

Brandon B. Hanson for appellant.

Charles L. Litow, of Gurstel Law Firm, P.C., for appellee.


MOORE, Chief Judge, and BISHOP and ARTERBURN, Judges.

ARTERBURN, Judge.

## INTRODUCTION

Douglas Russell, Jr., appeals from the district court's order that affirmed the county court's order overruling his motion to vacate a foreign judgment against him. On appeal, Russell argues that the foreign court deviated from standard practices and engaged in irregularities when entering the judgment against him and, thus, may be vacated by our courts. For the following reasons, we affirm the order of the district court affirming the county court's order overruling Russell's motion to vacate.

## BACKGROUND

On July 10, 2017, Prairie Brand Seeds, LLC (Prairie Brand), filed an original notice and petition for money judgment in the small claims division of the district court for Story County,

Iowa. Prairie Brand asserted that Russell owed it $4,336.02 plus interest, attorney fees, and court costs. A deputy personally served Russell with the original notice and petition for money judgment on August 1. Russell entered an appearance and answer denying the claim on August 15.

Also on August 15, 2017, the Iowa court entered an order for mediation, scheduling it for August 31. The order for mediation noted that mediation is required for all contested small claims matters in Story County per order of the Chief Judge, and the order set forth a time and location for mediation between Prairie Brand and Russell. Furthermore, the order advised that failure to appear for mediation may result in an immediate hearing and judgment against the party who did not appear. On August 31, the mediator filed a certification, which stated that Russell did not appear for the scheduled mediation.

Prairie Brand filed a motion for entry of judgment on September 1, 2017, stating that it was entitled to judgment based on Russell's failure to appear for mediation. Counsel for Prairie Brand filed an affidavit on the same date, stating that he spent 6 hours working on the matter, costing Prairie Brand $1,650 in attorney fees. On September 5, Russell filed correspondence to the court, stating that he was "not aware of any mediation that was supposed to take place." The court entered an order on the same date, determining that Russell's correspondence was effectively a motion for a hearing on Prairie Brand's motion for entry of default judgment, and scheduled a hearing for September 19.

Counsel for Prairie Brand requested to appear telephonically for the September 19, 2017, default hearing, which request the court granted by an order entered on September 11. Russell filed correspondence with the court on September 14, asking, "can I also appear to the hearing by telephone?" On September 18, the court also granted his request to appear by telephone for the default hearing.

The Iowa court held the scheduled default hearing on September 19, 2017, and noted that both Prairie Brand and Russell personally appeared. While the court noted in its order entering judgment that it "made findings of fact and reached conclusions of law as recited on the verbatim record made at hearing," no copy of that transcript is contained within our record on appeal. Nevertheless, by the court's order, judgment was entered in favor of Prairie Brand and against Russell in the amount of $4,336.02 with interest at 18 percent from September 19, prejudgment interest of $241.63, and attorney fees of $1,650. The order states that default judgment was entered "pursuant to Iowa Code Section 631.5(6)," which confirms that the basis for the judgment would be the failure to appear at mediation.

On January 31, 2018, Prairie Brand filed an "affidavit pursuant to uniform enforcement of foreign judgments act" in the county court for Nance County, Nebraska, seeking to register the Iowa judgment for enforcement in Nebraska. On March 1, Russell filed a motion to vacate the foreign judgment pursuant to Neb. Rev. Stat. §§ 25-1587.03 and 25-2001 (Reissue 2016). Thereafter, on March 19, Prairie Brand filed a resistance to Russell's motion to vacate. Two brief hearings were held on April 2 and 16.

During the second hearing in county court, Russell argued that the foreign default judgment ought to be vacated because the default judgment was entered pursuant to a statute for a party's failure to appear even though he personally appeared at the default hearing. He further argued that he had never been physically present in the Iowa courthouse. Prairie Brand responded by arguing,

in part, that the default judgment was entered based on Russell's failure to appear for the court-ordered mediation.

On June 27, 2018, the county court entered an order denying Russell's motion to vacate the foreign judgment. In particular, the county court determined that there was no deviation by the Iowa court from the standard practice with regard to noting the appearance of parties who appear by telephone.

On July 26, 2018, Russell appealed the county court's decision to the district court for Nance County. In his statement of errors, Russell alleged that a deviation from standard practice in obtaining the foreign judgment existed insofar as the Iowa court noted that Russell appeared personally even though he had never physically entered the courthouse in Story County, Iowa. He further alleged that an irregularity existed because the Iowa court entered judgment under its statute for a party's failure to appear, Iowa Code § 631.5(6), even though Russell appeared telephonically for the default hearing.

After a hearing held on February 1, 2019, the district court entered an order on February 12, affirming the county court's denial of Russell's motion to vacate the foreign judgment. The district court determined that the Iowa court did not deviate from standard practices regarding noting the personal appearance of a party who, although not physically present in the courthouse, appears at a hearing by telephone. Moreover, the district court was not persuaded by Russell's argument regarding the Iowa court's entry of default judgment pursuant to a statute for a party's failure to appear. The district court recited evidence showing that Russell was granted notice and an opportunity to be heard and that he appeared at the default hearing. Accordingly, the district court affirmed the county court's order overruling Russell's motion to vacate a foreign judgment.

Russell now appeals from the district court's order affirming the county court's order.

## ASSIGNMENTS OF ERROR

Russell assigns, restated and consolidated, that the district court erred in affirming the county court's order overruling his motion to vacate a foreign judgment for irregularities or deviations from standard practice. He first notes that the Iowa court described him as personally appearing even though he was not physically present in the Iowa courthouse. Second he contends that default judgment was entered against him for failure to appear even though the record demonstrates he did in fact appear in the Iowa court.

## STANDARD OF REVIEW

The district court and higher appellate courts generally review appeals from the county court for error appearing on the record. *Houser v. American Paving Asphalt*, 299 Neb. 1, 907 N.W.2d 16 (2018). When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id*. In instances when an appellate court is required to review cases for error appearing on the record, questions of law are nonetheless reviewed de novo on the record. *Millard Gutter Co. v. Farm Bureau Prop. & Cas. Ins. Co.*, 295 Neb. 419, 889 N.W.2d 596 (2016).

We have held that in an appellate review of a matter appealed from a county court to a district court, this court can consider only such evidence as was presented to the district court in its intermediate review of the county court judgment. *McNamee v. Marriott Reservation Ctr.*, 16 Neb. App. 626, 747 N.W.2d 30 (2008).

ANALYSIS

For purposes of the Nebraska Uniform Enforcement of Foreign Judgments Act, foreign judgment means any judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this state. Neb. Rev. Stat. § 25-1587.02 (Reissue 2016). A foreign judgment filed with the clerk of court in any state court having jurisdiction shall be treated in the same manner as a judgment of a court in this state. § 25-1587.03. A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of this state and may be enforced or satisfied in like manner. *Id.*

As relevant in the present appeal, a district court may vacate or modify its own judgments or orders after the term at which such judgments or orders were made for mistake, neglect, or omission of the clerk, or *irregularity* in obtaining a judgment or order. § 25-2001(4)(a) (emphasis supplied). The operative definition of "irregularity" in our precedent limits the term to doing or not doing that, in the conduct of a suit at law, which, conformably with the practice of the court, ought or ought not to be done. *Roemer v. Maly*, 248 Neb. 741, 539 N.W.2d 40 (1995). A judgment marred by irregularity is one rendered contrary to the course of law and practice of the court. *Id.*

In the present case, Russell first argues that there was an irregularity in obtaining the Iowa default judgment because the court's order notes that he personally appeared at the hearing on Prairie Brand's motion for entry of judgment even though he has never been physically present in the Iowa courthouse. We find no error in the determination that the Iowa court did not deviate from standard practices in noting a party's appearance by telephone.

On August 15, 2017, 2 weeks after being served with Prairie Brand's complaint, Russell entered an appearance and answer denying the claim made against him. Thereafter, Russell failed to attend a scheduled mediation. After apparently receiving a copy of the mediator's report and/or Prairie Brand's motion for entry of judgment, Russell wrote to the court explaining his failure to attend. The court treated the letter as a motion for hearing and scheduled a hearing on the motion. After Prairie Brand requested to appear for the hearing telephonically, Russell requested the same, and the court granted both parties' requests. While it may be true that Russell "has never stepped foot in the Story County Court," he caused his own lack of physical presence as he requested that the court allow him to personally appear by telephone for the default hearing. Personal appearance and physical presence are not synonymous. Nothing about Russell's appearance by telephone at the default hearing demonstrates how the Iowa court's mention of his personal appearance constitutes a deviation from standard practice. Therefore, we can find no irregularity in the proceedings as to the identification of Russell appearing personally.

Russell's second argument stands in stark contrast to his first, because he argues that he did in fact appear and, thus, the Iowa court deviated from standard practice by entering default judgment based on any failure to appear. The Iowa court entered a default judgment against Russell

- 4 -

pursuant to Iowa Code § 631.5(6), which provides that judgment shall be rendered against a defendant if the relief is readily ascertainable and the defendant failed to appear after proper notice had been given. In the present case, it is plainly apparent from the record before the district court that Russell failed to attend court-ordered mediation, for which the court had provided him with notice. That absence formed the basis for the Iowa court's entry of default judgment pursuant to Iowa Code § 631.5(6). Russell's attendance at the default hearing does not negate his failure to appear previously. According to the judgment entered by the Iowa court, testimony and other evidence was adduced at the hearing, and the court recited findings of fact and conclusions of law. The court then found that Russell was in default and "judgment should enter accordingly." There is no showing in the record that the Iowa court's action violated recognized practice or in any way constituted an irregularity as to how the judgment was obtained. Accordingly, the district court was correct in finding that the county court did not err in overruling Russell's motion to vacate the foreign judgment against him, and we affirm with respect to this point as well.

## CONCLUSION

Based on the foregoing, we find no error in the district court's order affirming the county court's order overruling Russell's motion to vacate the foreign default judgment entered against him.

AFFIRMED.